JOHN A. CAPLEN v. H. C. DREW ET ALS.

(Case No. 157-502.)

1. EVIDENCE IN TRESPASS TO TRY TITLE.— In trespass to try title against a defendant in possession, the plaintiff proved a judgment of the federal court against a third party, and that he at a marshal's sale became the purchaser of the interest of such third party in the property sued for; after this he offered to prove that such third party was in possession of the property at the date when the judgment of the federal court was rendered. Held—

1. The evidence should have been admitted.

2. Bare possession is sufficient to maintain the action against a mere trespasser.

3. The purchaser at marshal's sale was, by virtue of his purchase, subrogated to all the rights resulting from the possession of the premises by the third party, whose estate he purchased. His possession being shown, the burden of proof shifted to the defendant to show a better title.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

The appellant Caplen instituted this suit against appellees in the district court of Galveston county, on the 5th day of June, 1874, to try title to lot No. 4, in block No. 88, in the city of Galveston. The appellees answered by general denial, and plea of "not guilty."

In support of his title, on the trial of the case, the appellant introduced copy of a judgment rendered by the federal court on the 27th day of May, A. D. 1872, in the case of Kate G. Morgan v. Thornton F. Hollis et al., for $16,000, and an execution that issued on that judgment on the 4th day of June, 1873, and levied on the lot in controversy on the same day; sale under a writ of venditioni exponas on the 2d day of June, 1874; and also a deed from the United States marshal, dated June 4, 1874, conveying to appellant all the right, title and interest which the said Thornton F. Hollis had in and to the lot on the 27th day of May, 1872, or at any time thereafter.

The appellant then proposed to prove by J. S. Varney and other competent witnesses, that Hollis was in possession of the lot in controversy on the 27th day of May, 1872, and was in possession both before and subsequent to that date, claiming it as his own, leasing it and paying taxes thereon, and exercising general acts of ownership over the same. Upon objection, the court excluded the proposed evidence, and instructed the jury to find for appellee, which was done, and judgment rendered against appellant, from which he appealed and assigned as error, (1) the ruling of the court in excluding the evidence; (2) the charge of the court; and (3) the verdict and judgment based thereon.

*Price & Sampson*, and *J. T. Harcourt*, for appellant.

*Flournoy, Sheerwood & Scott*, for appellees. We are aware that cases almost without number can be cited

to show that simple prior possession is evidence of title as against a mere wrong-doer; but in every instance the party having prior possession is an actor in the suit, and is called on to show that the other party is a mere wrong-doer, and that the wrongful act shown, terminated the possession, or that the possession was continuous up to the time of ejectment. The appellant seeking to recover against the appellee, the party in possession must rely upon the strength of his own title, and not on the weakness of that of appellee. He shows that he is the owner of Hollis' interest, and that interest once entitled Hollis to possession; but not that Hollis had any right to possession at the time appellant acquired Hollis' interest. For aught the court may know, Hollis' right to possession, and the title under which that right existed, terminated before appellant acquired any rights in the premises. And the presumption is that it did so terminate, for Hollis abandoned the possession, and the defendant Drew is found in possession at the time of sale. Appellant must show that Hollis' title was such as would have lasted, notwithstanding an abandonment; or that Drew acquired a title from Hollis, which, but for such acquisition, would have remained in Hollis. Appellant does not claim nor offer to show that Hollis was in possession at the time of sale, but relies upon the fact that he was in possession at the time of the rendition of the judgment; that this possession was evidence of ownership, and the judgment created a lien upon the estate then held by Hollis, and could not be divested by his surrender or abandonment of the property. This would be true, if the title under which Hollis held the property was such as to outlive mere possession, and is not true in any other aspect of the case.

WATTS, COMMISSIONER.— The general rule is well established, that in trespass to try title the plaintiff must re-

cover, if at all, upon the strength of his own, and not upon any supposed defect of the defendant's title. What constitutes a sufficient title to make a *prima facie* case against a defendant in possession, is discussed and clearly stated by the present chief justice in the case of Keys *v.* Mason, 44 Tex., 142, 143, wherein it in effect is said, that merely a prior possession to that under which the defendant claims, with a regular claim of title, connecting himself with such prior possession, would overcome the presumption of right arising from the defendant's possession, and throw upon him the burthen of disproving the plaintiff's case, or showing a superior title in himself.

The federal court judgment, under which appellant claims title to the lot in controversy, took lien upon the land of Hollis, the defendant therein, from the rendition thereof. If, as a matter of fact, Hollis was in possession of the lot at the rendition of that judgment, then the lien attached to that possession, and the rights attending the same and resulting therefrom, passed by the operation of the lien to, and vested in, the purchaser at the marshal's sale. Such possession would be evidence of title in Hollis, and as the purchaser connects himself directly with that possession by showing a judgment against Hollis, an execution, return and marshal's deed, this would constitute sufficient title in the purchaser, in the absence of other evidence, to entitle him to recover.

The appellant had shown a regular chain of title connecting himself with Hollis, but the court below refused to allow him to show the only other fact essential in making out his case; that is, the possession of Hollis at the rendition of the judgment. Tyler on Ejectment, pp. 177, 503; Abbott's Trial Evidence, 702.

If, in addition to the evidence introduced by appellant, it had been shown that Hollis was in possession of the lot at the rendition of the judgment, then the burthen would

have been thrown upon appellees to disprove the appellant's case, or show a superior title in themselves.

We are of the opinion the court erred in refusing to admit the evidence offered by appellant, and for this the judgment ought to be reversed.

Reversed and remanded.

[Opinion delivered March 11, 1881.]