## No. 6047.

### WALTER PARKER *v.* FORT WORTH & DENVER CITY RAILWAY COMPANY.

1. POSSESSION—TRESPASSER.—In an action of trespass to try title possession alone is sufficient evidence in behalf of plaintiff to entitle him to recover against a mere trespasser.

2. CASE APPROVED.—Alexander v. Gilliam, 39 Texas, 228, followed and approved.

APPEAL from Wichita. Tried below before Hon. B. F. Williams.

The opinion gives the facts.

*William W. Flood,* for appellant, cited Kolb v. Bankhead, 18 Texas, 229; Wilson v. Palmer, 18 Texas, 592; Alexander v. Gilliam, 39 Texas, 228; Keys v. Mason, 44 Texas, 140; Thurbur v. Conners, 57 Texas. 96; Hays v. Railroad Company, 62 Texas, 397; McDannell v. Cherry, 64 Texas, 177.

*J. M. O'Neill,* for appellee.

GAINES, ASSOCIATE JUSTICE. This was an action of trespass to try title brought by appellant against appellee to recover possession of a tract of land described in the petition and damages alleged to have accrued from the destruction of timber upon the land and the construction of a railroad across it. The defendant company pleaded not guilty as to a strip of the land one hundred feet wide extending through the tract and disclaimed as to the remainder.

Upon the trial the plaintiff introduced in evidence a deed from Owen S. Jones and others to himself dated the nineteenth day of May, 1883, to the land in controversy, and thereupon offered to prove by his own testimony, that in the month of June, 1883, he took possession of the land under the deed and made improvements thereon; that he had remained in possession until the defendant entered in May, 1885, and that he had continued in possession of all of the land, except that appropriated by defendant for the purposes of its railroad up to the time of the trial. At the same time plaintiff announced that he would offer no further evidence in support of his title until defendant showed some superior title, and thereupon the court excluded the deed and charged the jury to find for the defendant. Bills of exceptions were properly taken to the rulings of the court.

Judgment having been rendered for appellant, and plaintiff appealing, the question arises: Did the evidence offered by defendant show a prima facie case? In Alexander v. Gilliam, 39 Texas, 228, it was held that proof of possession was sufficient evidence of title in the plaintiff to maintain the action of trespass to try title against a mere wrong doer. The principle

was very clearly recognized in the case of Wilson v. Palmer, 18 Texas, 592. The decision of the question was, however, not necessary to the determination of that case. But it was expressly held in Kolb v. Bankhead, 18 Texas, 229, that the plaintiff was entitled to recover in trespass for cutting timber by proof of the deed under which he claims and possession thereunder down to within a short time before the trespass was committed. (See also Linard v. Crossland, 10 Texas, 462.) The ruling in Alexander v. Gilliam, supra, is in accordance with that of the Supreme Court of the United States in the case of Burt v. Paryand, 99 United States, 180, and is supported by the great weight of authority. (Bird v. Lisbros, 9 Cal., 1; Nagle v. Macey, Id., 426; 2 Wharton's Ev., secs. 1333-4; Abbott's Trial Ev., 692; 2 Greenleaf's Ev., sec. 618, and cases cited in these authorities.)

It follows from what we have said that we think the court erred in excluding the plaintiff's deed and testimony, and in holding them not sufficient prima facie evidence of title.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered May 22, 1888.