## A. C. ALLEN ET AL. v. JOHN BOGGESS ET AL.

No. 934. Decided October 18, 1900.

**1. Deed—Description—Plat.**

A description, in a deed, of a part of the land conveyed, by a plat of same, was correctly held to prevail, as a more specific and definite designation, over a clause describing it as a part of a fifty-acre tract previously conveyed to the grantor, none of which was included in the plat, and to support limitation in favor of the grantee, who had gone into possession of a part of the land, to the extent of the limits of his deed as shown by the plat. (P. 85.)

**2. Limitation—Deed to Distinct Tracts—Possession of One.**

A deed embracing two distinct but adjacent tracts of land gives to the grantee taking possession of one possession which will support his claim of limitation to the other tract also, where the record does not show that the true title to such other tract was in some person other than his grantor,—the rule announced in Turner v. Moore, 81 Texas, 206, having no application to such case. (Pp. 85, 86.)

**3. Possessory Title—Recovery Against Trespasser.**

The possession by a grantee of one of two adjoining tracts conveyed by the same deed will entitle him, though he has not held for the period of limitation, to recover the other, also, as one in actual possession, against persons showing no title. (P. 85.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from Harris County.

John A. Boggess and others brought suit in trespass to try title against A. C. Allen and others. Plaintiffs recovered a part only of the land sued for, and on their appeal the judgment was reversed and rendered in their favor for the whole. Defendants (appellees) thereupon obtained writ of error.

*Edgar Watkins* and *Frank C. Jones*, for plaintiffs in error (*W. P. & A. R. Hamblen* and *A. C. Allen*, on the briefs on appeal.)—The court erred in holding that the possession of plaintiffs under the deed from Mrs. Grimmell, August 2, 1867, was such as would give plaintiffs a title by limitation to the land in controversy. The evidence showed that the property in possession of plaintiffs and those under whom they claim was distinct and separate from the land in controversy and had no connection therewith, and there was no evidence that any of the land in controversy was ever possessed, claimed, or owned by plaintiffs or any persons under whom plaintiffs claim. Arambula v. Sullivan, 80 Texas, 615; Turner v. Moore, 81 Texas, 206; Parker v. Baines, 65 Texas, 605; Bailey v. Carleton, 12 N. H., 9.

The court erred in not affirming this cause and in not holding that plaintiffs were not entitled to recover, the evidence showing that no part of the land in controversy was included in the deed made by Philippine Grimmell to Julia C. Douglass, under which deed plaintiffs claimed, the evidence further showing that if the description contained in said deed, taken in connection with the plat on the reverse side thereof, was sufficiently definite to describe any land, it described land partially in the Huddleston survey and partially in the Caraher survey,

and described land north of and not in conflict with the land in controversy in this case.

The court erred ·in rendering judgment in this cause, the evidence being uncertain as to the amount of land in controversy, its location and situation, and there being no evidence to show how much land was in controversy, and the description of the land in controversy as contained in the statement of facts and plat being so indefinite and uncertain as to make it impossible for a writ of possession to issue placing the parties in possession.

The court erred in not affirming this cause and erred in reversing and rendering this cause, the description of the land contained in plaintiff's plat being so indefinite and uncertain as to make it impossible to determine just what land was claimed by plaintiffs, and the evidence showing that to give effect to the deed under which plaintiffs claimed and to the language in said deed would place the land claimed by plaintiffs north of and not in conflict with the land in controversy in this suit and the land claimed by defendants.

The court erred in reversing and rendering this cause, for the reason, even if the deed from Grimmell to Douglas conveyed any part of the land in controversy, there is nothing in the evidence or the said deed to show how much. Arambula v. Sullivan, 80 Texas, 622; Sweeney v. Railway, 84 Texas, 437.

*Hutcheson, Campbell & Meyer*, for defendants in error.—A party in possession of any part of an entire tract as shown by his deed, has possession coextensive with the boundaries specified in his deed. Rev. Stats., art. 3344; Craig v. Cartwright, 65 Texas, 413; Cunningham v. Frandtzen, 26 Texas, 38; Pearson v. Boyd, 62 Texas, 544.

Whether a party who deeded the land mistook the land he owned and platted another piece he did not own, or whether he had any title of any kind to the land he actually platted and deeded, yet if the vendee took possession of the land deeded and platted and occupied it in part for ten years under adverse claim to the whole plat, he gets title by limitation, just as. well as if the vendor had platted land he actually owned. The source of title is immaterial and the location of the possession is only required. Wofford v. McKinna, 23 Texas, 43.

If there were any significance to be given or which properly attaches to the fact that these parties thought that the twenty-six acres was to be in part out of the Huddleston fifty acres, but in fact it was not such part according to the record calls in the deed, yet that question is controlled by another proposition of law well recognized, and that is, that where parties take actual possession on the ground of what they understand the land conveyed to be and continue in possession ·for many years, this actual location and pedal possession upon faith of which the public deals will estop the parties from alleging land to be other than as so indicated by actual possession. Specially should this be the law in a country largely prairie, the precise boundaries of which are badly

defined, and easily lost sight of. These locations might be errors, but they must be given great significance, as they interpret what the parties understood and meant by their deed. Boon v. Hunter, 62 Texas, 589; Freeman v. Mahoney, 57 Texas, 626; Standlee v. Burkitt, 78 Texas, 618. The courts favor adhering to boundaries located and acquiesced in and will not lightly disturb them. 4 Am. and Eng. Enc. of Law (N. S.), 863, and many citations.

WILLIAMS, ASSOCIATE JUSTICE.—The defendants in error sued in trespass to try title in the District Court to recover twenty-six acres of land, their petition, besides the general allegation of title, asserting title also by limitation. The defendants pleaded not guilty. The District Court gave judgment for plaintiffs for fourteen acres upon their claim of title by limitation, but denied a recovery of the remaining twelve acres, holding that it was a separate tract from the fourteen acres and that plaintiffs' possession of the latter did not extend to the former. On appeal, the Court of Civil Appeals reversed this judgment and rendered judgment for plaintiffs for all the land sued for. This writ of error involves the title to the twelve acres.

The possession relied on by plaintiffs was taken and held under a deed from Philippine Grimmell to Julia C. Douglass for twenty-six acres to be composed of a tract of fourteen acres acquired by Grimmell from the estate of Caraher and twelve acres out of a tract conveyed to Grimmell by Huddleston; but the deed described the land by a plat embodied in it and by calls for adjacent tracts in such a way as to throw the twelve acres outside the Huddleston fifty acres. The deed, in connection with the agreed statement of facts, clearly shows the location of the whole twenty-six acre tract and that it embraces the land in controversy, and the Court of Civil Appeals correctly held that the deed conveyed all the land claimed by plaintiffs. Further discussion of that question is unnecessary. Nor is the fact that the land embraced in the deed was taken from distinct tracts important. When the grantees in that deed took possession under it of any part of the land described in it, their possession constructively extended to the boundaries which it gave unless such possession is to be limited by another rule to which we shall refer.

The case of Turner v. Moore, 81 Texas, 206, is authority for the proposition that where a deed describes land part of which is owned by one person and the remainder by another and an actual entry is made under it upon land of only one of the owners, the possession thus taken can not be held to extend by construction to the land of the other, though the deed embraces it.

The writ of error was granted upon the understanding that the true titles to the two tracts were in different persons and that therefore this rule would apply. But the record gives us no information upon the subject, the condition of the title not appearing except as it may be presumed from plaintiffs' possession. Such possession presumptively extended to all the land described in the deed under which plaintiffs

held and can not be restricted to the fourteen acres without evidence that the other land so described belonged to some one else. Such possession, in fact, raised the presumption of title in the possessor and authorized recovery against persons showing no title, even if it had not continued long enough to give title by limitation. House v. Reavis, 89 Texas, 626.

We must therefore hold that plaintiffs showed sufficient title to enable them to recover, the defendants showing none in themselves or in others.

*Affirmed.*