JAMES R. BOSTON v. M. E. McMENAMY ET AL.

. Decided April 5, 1902.

1.—Evidence—Harmless Error.

The exclusion of evidence which is in part hearsay and the other part of no material relevancy is harmless error.

2.—Same—Trespass to Try Title—Common Source.

It was error in trespass to try title to admit a deed offered by plaintiff to show common source of title where he failed to connect defendant's title with the deed, but the error was harmless where plaintiff recovered by virtue of limitations and possession.

3.—Same—Claim of Title—Limitations.

In an action of trespass to try title wherein plaintiff claimed title by virtue of possession and limitations, an unrecorded deed of the land to plaintiff's ancestor was admissible as tending to show plaintiff's claim to the land.

**4.—Same—Statement by Decedent.**

Testimony by plaintiff that he had heard ·his parents claim the land in controversy prior to the claim in this suit was not objectionable as being irrelevant, immaterial, and hearsay, and objection that it was a statement by a deceased person and prohibited by article 2302, Revised Statutes, can not be considered where it was not made in the trial court.

**5.—Trespass to Try Title—Title by Possession—Charge.**

In trespass to try title where no title was shown in defendant, nor right of possession, and plaintiff showed prior possession by himself and those under whom he claimed, there was a presumption of title in plaintiff, and the court correctly refused to charge that since plaintiff had failed to show a common source of title, or that the State had ever parted with title to the land, the verdict should be for defendant.

Appeal from Grayson.   Tried below before Hon. Rice Maxey.

*J. K. Jameson* and *C. L. Vowell,* for appellant.

*Hamp P. Abney,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This was a suit of trespass to try title instituted by Mrs. M. E. McMenamy, widow of R. B. Mc-Menamy, deceased, and their children against James R. Boston, for a tract of land, part of the Josiah Hartzog survey in Grayson County. The petition was filed March 23, 1899. Plaintiffs alleged title in themselves, and further set up the statutes of limitations of five and ten years. The defendant answered disclaiming title to all the land sued for except that portion of the land north of the fence bounding plaintiffs' inclosed land, and as to such part defendant plead not guilty and general denial, and the three, five, and ten years statutes of limitations. The land in controversy is shown by the following plat:

And is embraced within the corners indicated by the letters A, B, C, D, and is bounded as follows:   On the south·by a fence; on the west by a fence on the east line of a tract formerly owned by W. H. Roberts and now owned by G. W. Taylor; on the north by the south line of a tract formerly owned by T. C. Roberts but now owned by J. R. Boston, appellant, having been purchased by him since the institution of this suit, and on the remaining side °by the meanderings of the branch which runs in a southeasterly direction until it reaches the fence.   Its dimensions are

as follows: From T. C. Roberts' southwest corner, 122 vrs, to fence; thence in a southeasterly direction with fence 200 vrs. to where the branch touches fence; thence in a northwesterly direction with the meanderings of the branch to T. C. Roberts' south line; thence west with Roberts' south line 90 vrs. to beginning.

The plaintiffs introduced the following title papers: (1) a deed from Henry L. Lowe and wife to Robert H. Harris and wife, Sarah E. Harris, dated December 9, 1876, filed for record February 3, 1880, conveying 60 acres of land, part of the Josiah Hartzog survey and which embraced the land involved in this suit; (2) deed from Robt. H. Harris and wife, Sarah E. Harris, to R. B. McMenamy, dated June 10, 1880, duly recorded and conveying the same 60 acres. They also introduced another deed from R. H. Harris and wife to R. B. McMenamy, dated ———, 1877, conveying the same 60 acres. This deed was not recorded.

The defendant introduced (1) a deed from J. T. Harris to J. M. Covey dated April 12, 1878, filed for record March 21, 1879, conveying 80 acres, part of the Josiah Hartzog survey, and which deed included the larger part of the land involved in this suit, but does not embrace all the land; (2) a deed from John M. Covey to R. S. Gould, dated November 22, 1880, filed for record February 25, 1881, conveying the same 80 acres, and (3) a deed from R. S. Gould to J. R. Boston, dated January 16, 1897, filed for record January 22, 1897, and conveying the same 80 acres of land.

A trial resulted in a verdict in favor of the plaintiffs on the five and ten years statutes of limitations, upon which verdict judgment was entered, and defendant has appealed.

1. Complaint is made of the action of the court in excluding the testimony of T. C. Roberts and J. W. Barnett that they rented a portion of the land in controversy during the year 1877 from Dr. L. Kelly of Whitesboro, and that the said Kelly was then the acting agent for R. S. Gould, and that the said parties paid said Kelly for the use of the land, and that R. B. McMenamy knew that they were so occupying the said land and made no objection thereto. This testimony was excluded as being irrelevant, immaterial, and hearsay. The exclusion of the evidence presents no reversible error. The testimony, so far as it attempts to show that Dr. Kelly was the agent of R. S. Gould, is hearsay. The witnesses did testify that they rented the western portion of the tract of land now occupied by defendant and put up a fence on the west side thereof so as to separate it from the rest of the tract and form an inclosure for a pasture for stock. The land thus inclosed embraced about two-thirds of the land in controversy and some land north of the branch not in controversy. After using the pasture about three months they removed the fence.

2. It is contended that the court erred in admitting in evidence the deed from David Bunch to John Scratchburger, dated July 13, 1863, over defendant's objection that the same was irrelevant and immaterial. This deed was offered to show common source of title. The plaintiff,

however, failed to connect defendant's title with said deed. The deed was improperly admitted. We are, however, of the opinion that in view of the evidence and verdict its admission was not reversible error. The verdict seems to have been based on the fact that the plaintiff had shown possession under claim of title to the land prior to that of defendant, and the jury found for plaintiffs on the five and ten years statutes of limitations. It is clear that the admission of this deed could not have affected the result.

3. There was no error in admitting the unrecorded deed from R. H. Harris and wife, Sarah E. Harris, to R. B. McMenamy, dated ——, 1877. This deed was admissible as tending to show the claim of R. B. McMenamy to the land in controversy.

4. A. H. McMenamy, while testifying as a witness, was asked by plaintiff's counsel if he ever knew of anyone setting up a claim to the land in controversy until the claim in this suit. Defendant objected to this question because it was irrelevant, immaterial, and hearsay, and calls for the opinion of the witness. The objection was overruled and the witness answered: "I have heard my father and mother claim it; I have heard them talk about it." The question was not subject to the objections made. The objection made in the assignment of error that said testimony was a statement by a deceased person and prohibited by article 2302 of the Revised Statues can not be considered because it was not made in the trial court. This holding also disposes of the fifth assignment of error adversely to appellant.

5. It is insisted that the court erred in refusing to give a special charge requested by defendant to the effect, that since the plaintiff had failed to prove common source of title and had failed to show that the State had ever parted with title to the land, the jury should return a verdict for defendant. There was no error in refusing this charge. The testimony was sufficient to justify the jury in finding that the possession of the land by the plaintiffs and those through whom they claimed was prior to defendant's possession. The defendant did not show title or right to possession superior to plaintiff. Such prior possession by plaintiffs and those whose title they have was sufficient to raise a presumption of title in the plaintiff and authorized a recovery against one not showing title. And this is true independent of the finding that plaintiffs' possession had matured into title under the statutes of limitations of five and ten years. Allen v. Boggess, 58 S. W. Rep., 833; Watkins v. Smith, 95 Texas, 589; Coplin v. Drew, 54 Texas, 493; Keys v. Mason, 44 Texas, 142.

The remaining assignments of error relate to the action of the court in refusing certain special instructions to the jury requested by the defendant. We have examined these assignments and are of the opinion that no reversible error is pointed out in any of them.

Finding no reversible error in the record, the judgment is affirmed

*Affirmed.*