## Moses R. Kirby v. Edgar Boaz et al.

### Decided January 6, 1906.

**1.—Evidence—Pedigree—Declarations—Litem Motam.**

The declarations of an ancestor are inadmissible for the purpose of proving heirship when such declarations were made after the controversy to which they relate had arisen.

**2.—Trespass to Try Title—Pleading—Evidence.**

In trespass to try title where the defendant pleads his title specially and also the general issue evidence is admissible under the general issue to rebut the claim of title asserted by plaintiff.

**3.—Same—Prior Possession.**

The mere failure of a plaintiff in trespass to try title having prior possession to connect himself with the sovereignty of the soil does not destroy the presumption created by such possession. It is only when it is conclusively shown that the title under which possession is taken is no title that the presumption is rebutted.

Appeal from the District Court of Jones County. Tried below before Hon. H. R. Jones.

*Hardniche & Hardniche, Legett & Kirby* and *J. F. Cunningham,* for appellant.—In pedigree the law excludes declarations of all persons made post litem motam. Byers v. Wallace, 87 Texas, 518; Schott v. Pellerim, 43 S. W. Rep., 944; Turner v. Sealock, 54 S. W. Rep., 359; Lewis v. Bergess, 65 S. W. Rep., 609; Jamison v. Dooley, 82 S. W. Rep., 781; Schott v. Pellerim, 43 S. W. Rep., 944; Johns v. Northcutt, 49 Texas, 444; Wallace v. Howard, 30 S. W. Rep., 711; Cook v. Carroll Cattle Co., 39 S. W. Rep., 1010.

Before declarations of a deceased relative can be admitted as to pedigree there must be evidence outside of the declarations showing the relationship of the declarant to the family in question. Brown v. Lazarus, 5 Texas Civ. App., 81.

When plaintiff in trespass to try title makes a prima facie showing of title in himself and shows that he had possession prior to that of defendant, the burden of proof is then cast on defendant to show that he

has the title to the land. Keys v. Mason, 44 Texas, 143; Burk v. Turner, 79 Texas, 278; Foster v. Johnson, 89 Texas, 645; House v. Reavis, 89 Texas, 630; Watkins v. Smith, 91 Texas, 591.

Where the evidence properly before the court shows that the only right of possession in defendants is derived from the same source as that of plaintiff who has had a prior possession, defendants can recover only by showing want of title in the common source and title in themselves. Rice v. St. Louis, A. & T. Ry. Co., 87 Texas, 90; House v. Reavis, 89 Texas, 630.

When plaintiff makes out a prima facie title in trespass to try title, and defendant who has plead title specially fails to show title in himself as pleaded, the mere showing by defendant of the existence of another person of the same name as the one under whom plaintiff claims, does not raise any question of identity. Hayes v. Gallaher, 51 S. W. Rep., 280; House v. Reavis, 89 Texas, 630.

If the defendants in trespass to try title plead their title specially, they thereby waive the plea of not guilty, and thereby it devolves on plaintiff to show his title, and when he does this in any of the modes required, the defendants are restricted in proof by the allegations of title as by them specially plead. If the title so plead does not show them entitled to recover, then evidence showing a state of facts not so pleaded or showing an outstanding title not plead will not be admissible. Ogden v. Bosse, 86 Texas, 343; White v. Kingsbury, 77 Texas, 614; Joyner v. Johnson, 84 Texas, 465; Matador Land & Cattle Co. v. State, 54 S. W. Rep., 258; St. Louis, A. & T. R. R. Co. v. Whittaker, 68 Texas, 633; Nobles v. Magnolia Cattle Co., 69 Texas, 435; Hayes v. Gallaher, 51 S. W. Rep., 280.

*Jno. B. Thomas* and *C. H. Steele,* for appellees.—The statements of a person as to his family history and tradition, and as to identity, are admissible on proof of the death of such person, and that such person made said statements, and that such person had no interest in the land in controversy at the time such statements were made. Nunn v. Mayes, 9 Texas Civ. App., 366; Nehring v. McMurrain, 57 S. W. Rep., 945; Byers v. Wallace, 28 S. W. Rep., 1056.

Plaintiff claiming the land in controversy through a John Wall of Nash County, North Carolina, and the evidence showing that there was a John Wall of Northampton County, North Carolina, to whom the certificate for the land could have issued, plaintiff could not recover without showing that the certificate did issue to the John Wall of Nash County, North Carolina. Ellis v. Lewis, 10 Texas Ct. Rep., 833; Byers v. Wallace, 28 S. W. Rep., 1056.

When plaintiff in trespass to try title undertakes to show prior possession and also introduces, and relies on, his claim of title from the State, the introduction of his title destroys any presumption created by his claim of prior possession, and he must stand on the strength of his title. Robertson v. Kirby, et al., 61 S. W. Rep., 967; Bates v. Bacon, 66 Texas, 349.

STEPHENS, ASSOCIATE JUSTICE.—Appellant, who was plaintiff below, offered proof of prior possession and also undertook to deraign

title to the land in controversy through a John Wall from Nash County, North Carolina, who died near Memphis, Tennessee, about a year after the close of the war between Texas and Mexico, the land having been granted by virtue of a bounty warrant issued to the heirs of John Wall, who died while on furlough. The appellees undertook to trace title to a John Wall from Northampton County, North Carolina, and to the admission of the evidence offered to establish the facts relied on by them to defeat the plaintiff's action the principal errors are assigned. Their contention was that W. H. Hughes was the heir of the John Wall who served in the Texas army, and to establish this claim they offered as declarations the suppressed deposition of W. H. Hughes taken a short time before his death in a suit then pending in Jones County, growing out of a controversy over this land. In addition to this, they offered the depositions taken in this case of Thomas and Joe Hughes, sons of W. H. Hughes. The deposition of Thomas Hughes, relating to matters of pedigree, showed that his knowledge on that subject had been derived alone from his deceased father, while that of Joe Hughes showed that he had derived his knowledge both from his deceased father and mother and also from one other relative. These depositions were all admitted over the objections of appellant.

The questions involved in the rulings complained of have been so fully discussed in recent years both by this court and the Supreme Court that we deem it sufficient to briefly state our conclusions in this instance.

The declarations of W. H. Hughes contained in his deposition taken in another suit were inadmissible, because the declarations were made after the controversy to which they relate had arisen—that is to say, they were *post litem motam*. (Schott v. Pellerim, 43 S. W. Rep., 944, and cases there cited.)

The declarations of Thomas Hughes were inadmissible, because they were based alone upon the declarations of his father made either at a time when he was interested, so as to bring them within the rule announced by the Supreme Court in Byers v. Wallace, 87 Texas, 510, in which such declarations were held to be inadmissible because self-serving, or after controversy had arisen, although he had then parted with his interest in the land.

The declarations of Jos. Hughes were admissible, since his knowledge of pedigree was derived from his mother and aunt as well as from his father. (Cook v. Carroll Cattle Co., 39 S. W. Rep., 1010, and cases there cited.)

It is further insisted on the part of appellant that the court should have excluded all the testimony offered by the appellees "for the purpose of showing heirship to the alleged John Wall" under whom they claimed, for the reason that there was no pleading authorizing the admission of such testimony. Not only this, but that the court should have instructed the jury to return a verdict in his favor. On the other hand, the appellees contend that appellant failed to establish that the John Wall under whom he claimed had ever served in the Texas army, and therefore that the prior possession, so far from affording any presumption of title, was conclusively shown to be no evidence of title.

Our conclusion is that neither position is tenable. The evidence offered by the appellee tended to rebut the claim of appellant, in that it

tended to show that the John Wall under whom he deraigned title was not the John Wall to whose heirs the bounty warrant had been issued, and this testimony was therefore admissible under the general issue, notwithstanding the appellees had pleaded their title specially. The evidence was not offered to prove an outstanding title and hence the case so much relied on by appellant of Hayes v. Gallaher, 21 Texas Civ. App., 90, 51 S. W. Rep., 280, is not in point.

The testimony of Jos. Hughes, which was properly admitted, as well as that of his brother and father, which was improperly admitted, tended to disprove that the warrant had been granted to the heirs of the Nash County Wall. In no case, therefore, would the court have been justified in instructing a verdict for appellant, since the appellees were entitled to have controverted issues passed on by the jury. It is equally clear that the appellees were not entitled to an instruction in their favor on the ground that it was conclusively shown that appellant had no title, since the mere failure of one having prior possession to connect himself with the sovereignty of the soil does not destroy the presumption created by such possession. It is only where it is conclusively shown that the title under which possession is taken is no title that the presumption is rebutted. (Robertson v. Kirby, 61 S. W. Rep., 967.)

For the error pointed out, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Application for writ of error dismissed.