SPEED v. SADBERRY et al.  (No. 8463.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 11, 1916.)

1. TRESPASS TO TRY TITLE ☞6(1)—TITLE OF PLAINTIFF.

Plaintiff, in trespass to try title, to be entitled to judgment, must show in himself title superior to that under which defendant claims.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 5–7, 9, 15, 16; Dec. Dig. ☞6(1).]

2. TRESPASS TO TRY TITLE ☞38(3) — PRESUMPTION FROM POSSESSION.

Where defendant in trespass to try title is in possession, there is a presumption of title in him, authorizing recovery against persons failing to make affirmative showing of title.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. ☞38(3).]

3. TRESPASS TO TRY TITLE ☞38(1)—FORFEITURE OF PUBLIC LANDS—BURDEN OF PROOF —STATUTE.

In trespass to try title by plaintiff claiming that the land was forfeited and awarded to him by the general land office, plaintiff must show, not only that an award was made, but that the requirements of Vernon's Sayles' Ann. Civ. St. 1914, art. 5423, as to forfeiture, had been substantially complied with by the general land office prior to the award.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. ☞38(1).]

4. PUBLIC LANDS ☞172(8) — FORFEITURE — STATUTE.

By Vernon's Sayles' Ann. Civ. St. 1914, art. 5423, prescribing the requirements of a forfeiture of public lands by the general land office, unless entry of forfeiture is made, both on the application of the grantee and in the account kept with the purchaser, no legal forfeiture results.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 541; Dec. Dig. ☞172(8).]

5. EVIDENCE ☞471(26) — OPINION OR CONCLUSION—CERTIFICATE OF FORFEITURE.

In trespass to try title by plaintiff claiming under a forfeiture and award of lands to him by the general land office, the certificate of the acting commissioner of the office, stating that the records showed that the lands "were forfeited," was inadmissible, as not tending to establish the fact that the necessary entries had been made in the commissioner's office, but rather the conclusion or opinion of the maker.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2171; Dec. Dig. ☞471(26); Witnesses, Cent. Dig. § 834.]

6. APPEAL AND ERROR ☞854(2) — REVIEW — REASONS ASSIGNED BY TRIAL COURT.

Where the cause was tried by a jury, and the judgment is sustained by the pleadings and proof, it should be affirmed by the appellate court, though the trial court gave erroneous reasons therefor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3408–3410; Dec. Dig. ☞854(2).]

7. TRIAL ☞105(2)—OBJECTIONS TO EVIDENCE —FAILURE—PROBATIVE FORCE OF HEARSAY.

In trespass to try title by party to whom general land office awarded forfeited lands, where no objection was urged, on the ground that it was hearsay, to defendant's testimony that, while he had personally never tendered any money to the land office, he knew that his lawyer had tendered it by what the latter told him, the court properly considered such testimony as tending to show application by defendant to have his rights in the forfeited land reinstated, and a tender of the interest due, since hearsay admitted without objection, is not without probative force.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 262; Dec. Dig. ☞105(2).]

Appeal from District Court, Young County; J. W. Akin, Judge.

Action by Arthur Speed against John Sadberry and another. From a judgment for defendants, plaintiff appeals. Judgment affirmed.

Arnold & Taylor, of Henrietta, and Fred T. Arnold, of Graham, for appellant. C. W. Johnson, of Graham, for appellees.

BUCK, J. September 27, 1901, survey 74, grantee B. R. I. R., containing 160 acres and located in Young county, was awarded by the land commissioner to J. F. Gilmore under the act approved April 16, 1895 (Acts 24th Leg. c. 48), and on October 7, 1902, survey 73, same original grantee and same acreage, and in the same county, was awarded to said Gilmore. Gilmore and wife, on February 1, 1907, conveyed by deed said tracts to T. E. Mills. On December 3, 1909, said Mills and wife conveyed the same land to A. N. Gordon, and on December 3, 1912, said Gordon and wife conveyed to F. P. Burch said two quarter sections. The interest to the state from November 1, 1912, to November 1, 1913, and due on the latter date, remained unpaid up to August 7, 1914, on which latter date there was filed in the office of the county clerk of Young county an instrument signed by the commissioner of the general land office and providing that these two quarter sections were subject to forfeiture for nonpayment of interest due November 1, 1913, and announcing that if said interest was not paid, said two tracts would be on the market for sale August 9, 1914. In said instrument the land mentioned was classified as agricultural, instead of grazing, as in the award to Gilmore, and the price placed at $4 minimum, instead of $1 and $1.50, respectively. On October 2, 1914, there was filed in the office of the county clerk of Young county an award, dated 9/25/14, of these two quarter sections, signed by the land commissioner. By this instrument the two tracts in question were awarded to Arthur Speed at $6.55 an acre, date of sale being August 10, 1914. The original award to Speed was made September 24, 1914. On October 27, 1914, said Speed sent to the general land office his money order for the interest, to wit, $11.65, and on November 2d following, the commissioner of the general land office accepted said remit-

tance. On January 11, 1915, appellant filed his petition in the district court of Young county in form of trespass to try title against John Sadberry and Frank Burch. He alleged that the rental value of said land was $5 per annum, and that the defendants had torn fences, sheds, and houses off said land, since they had unlawfully entered upon the same, of the reasonable value of $400, and he prayed for judgment for the land, rents, and damages. In the defendants' answer, Sadberry disclaimed any interest in or title to the land except as the tenant of Burch. Burch answered by general and special demurrers, and specially pleaded the 5 and 10 years' statutes of limitation, valuable improvements made in good faith, and further pleaded title through purchase from the state. He further specially pleaded that it had been represented to him, and he so believed, that he had until November 1, 1914, to pay the interest due the state on said land, and that he was informed, and so understood, that the interest due November 1, 1913, had been paid by his immediate grantor, and that he still believed that the payment for same had been made according to the contract between the defendant and his grantor. It was further alleged that, if any pretended forfeiture had been made by the general land office and its officials for a pretended nonpayment of interest, the same was done without any notice to defendant, and that if he had received such notice, he would have paid such interest. He further pleaded that it had been the immemorial custom of the general land office to issue to the owners of school land notice of arrears of interest that forfeitures might be avoided and the purchaser protected from loss, and, further, that as soon as he learned that interest was due and claimed by the general land office, he did, on August 5, 1914, tender to the general land office all interest due, but that said tender had been refused by the commissioner, on claim that the land had been forfeited, reclassified, and sold, and said commissioner declined to reinstate the defendant in his rights as a purchaser. Defendant, in his pleadings, tendered in court the interest, and also the part of the purchase money due on the original sale, together with patent fee, etc., and prayed that said money be transmitted to the treasurer of the state of Texas. Upon a hearing before the court, judgment was rendered that plaintiff take nothing by reason of his suit, and from this judgment plaintiff appeals.

Appellant presents only two assignments of error, which are as follows:

"(1) The court erred in holding that the defendant F. P. Burch had 90 days after said land was declared delinquent by the commissioner of the general land office within which to be reinstated. (2) The court erred in holding that the defendant had the right to be reinstated in the general land office for the following reasons: The evidence clearly shows that the land in question became delinquent for interest payment on November 1, 1913, and subject to for-

feiture then; that the same was forfeited by the commissioner of the general land office on August 4, 1914, and sold to plaintiff on September 24, 1914, and that no effort was made by the defendants to be reinstated in said purchase until after the land in question was sold by the commissioner of the general land office to plaintiff in September, 1914."

There are contained in the record no findings of fact and conclusions of law by the court, and therefore it does not affirmatively appear that the judgment of the court rested upon the basis asserted in the first assignment. The court qualifies plaintiff's bill of exception upon which this assignment is predicated as follows:

"There was no specific evidence of a default in payment of interest, the defendant showing that, while he did not pay the interest, he had relied on the promise of his vendor and supposed it paid, until the trouble arose. There was no evidence of forfeiture, except that contained in the certificate of the acting commissioner of the general land office, which was admitted by the court, over objections of defendant, after the trial, 'forfeited August 4, 1914.' The defendant testified that between the 1st and 15th of August he made application to the general land office to have his rights reinstated, but the defendant could not be certain as to the exact date. That he tendered the necessary amount of money to pay the interest in default, if any, which action was made through his attorney at Austin, having made the arrangements by wire, and that the said attorney so employed reported that the commissioner had denied the application to be reinstated. The law authorized reinstatement, on payment of defaulted interest any time prior to the intervention of rights of plaintiff, which was September 24, 1914. The burden was on the plaintiff to show his rights intervened before the application for reinstatement was made by the defendant, which application for reinstatement was made not later than August 15, 1914. This, in the court's opinion, was not done."

[1, 2] In order for plaintiff to be entitled to judgment, it was necessary that he show in himself title superior to that under which defendant claimed, and, defendant being in possession, there was a presumption of title in him, authorizing a recovery, in this character of a suit, against persons failing to make an affirmative showing of title. Boggess v. Allen, 56 S. W. 195, affirmed in Allen v. Boggess, 94 Tex. 83, 58 S. W. 833; Kirby v. Boaz, 41 Tex. Civ. App. 282, 91 S. W. 642; Allen v. Long, 80 Tex. 261, 16 S. W. 43, 26 Am. St. Rep. 735; Shifflet v. Morelle, 68 Tex. 382, 4 S. W. 843. Appellant cites us to article 5423, 3 Vernon's Sayles' Texas Civil Statutes, which article provides for reinstatement of purchasers' rights, where the rights of no third person have intervened, and urges that the defendant has not shown himself entitled to reinstatement under the terms of this article.

[3] In order for plaintiff to prevail in this suit, it was incumbent on him to show, not only that an award of the land had been made by the general land office to him, but that the statutory requirements as to a forfeiture had been complied with by the gen-

eral land office prior to said award. Article 5423, supra, reads in part, as follows:

"If upon the 1st day of November of any year any portion of the interest due on any obligation remains unpaid, the commissioner of the general land office shall indorse on such obligation, 'Land forfeited,' and shall cause an entry to that effect to be made on the account kept with the purchaser; and thereupon said land shall thereby be forfeited to the state without the necessity of re-entry or judicial ascertainment, and shall revert to the particular fund to which it originally belonged, and be resold under the provisions of this chapter or any future law."

To establish a forfeiture it was necessary to show at least a substantial compliance with the requirements of the statute concerning forfeitures, and a failure to establish any matter, act, or condition, required or provided would fall short of the necessary proof.

[4] The statute, requiring an entry of forfeiture to be made, both on the obligation of the grantee and in the account kept with the purchaser, if proof should fail to show that either of these entries had been made, under the present law, no legal forfeiture would follow. Comanche County v. Brightman, 62 S. W. 973; Brightman v. Comanche County, 94 Tex. 599, 63 S. W. 857; Davis v. Yates (writ denied) 133 S. W. 281; Anderson v. Neighbors, 94 Tex. 239, 59 S. W. 543; Chambers v. Robison, 179 S. W. 123. In the last-cited case, the Supreme Court, in an opinion by Chief Justice Phillips, holds the affirmative of the proposition just enunciated, and further states that:

"A usage in the land office, long pursued, of declaring forfeitures for nonpayment of interest by simply making an indorsement on the purchaser's obligation, to which our attention has been directed by the respondents, would be persuasive if the construction of the statute were doubtful. But we regard its provisions as plain."

We will now direct our attention to the state of the evidence with reference to the forfeiture claimed by plaintiff. After both parties had rested, the plaintiff offered, over the objection of defendant, the following certificate from the general land office:

"General Land Office, State of Texas.
"Austin, September 28, 1915.

"I, J. H. Walker, chief clerk and acting commissioner of the general land office of the state of Texas, do hereby certify that the papers, documents and records of said office show: That survey 74, containing 160 acres, B. R. I. R., purchased from the state October 6, 1901, by J. G. Gilmore, and survey 73, B. R. I. R., containing 160 acres purchased from the state by John F. Gilmore, October 10th, 1902, each situated in Young county, Texas, were forfeited August 4, 1914. * * *

"In testimony whereof, I hereunto set my hand and affix the impress of the seal of said office on the day and date first above written.

"[Seal.] J. H. Walker, Acting Commissioner."

[5] To the admission of this evidence the defendant objected and preserved a bill of exception thereto, shown in the record. But he does not include in his brief any formal cross-assignment leveled at such action of the court, but contents himself with dis-cussing such action under what he terms "fourth original proposition" of appellee. While we are not prepared to hold that appellee has presented his exception in such a form as would justify our consideration thereof as against a judgment adverse to him, yet we are of the opinion that the objection urged, to wit, that the certificate offered did not tend to establish the fact of necessary entries having been made in the land commissioners' office, but rather the conclusion or opinion of the chief clerk in the land office that the necessary legal steps to effect a forfeiture had been followed, is well taken, and that the evidence was improperly admitted. The court in his qualification of appellant's bill of exception No. 1, set out above, states:

"There was no evidence of forfeiture except that contained in the certificate of the acting commissioner of the general land office, which was admitted by the court over objection of defendant after the trial."

As it does not affirmatively appear that the court, in rendering judgment, did consider this certificate as establishing the forfeiture claimed, in support of the judgment we can presume that he did not do so. While in this qualification, the court states that the evidence shows that later than August 15, 1914, defendant made application to the general land office for reinstatement, and tendered the interest in arrears, and that said date was prior to the intervention of any rights held by plaintiff.

[6] The evidence showed that the award to plaintiff was made on September 24, 1914, yet, in determining the correctness vel non of the judgment, we are not limited to the reasons assigned by the trial court. Where the judgment is sustained by the pleadings and proof, the judgment (if the cause is tried by a jury) should be affirmed by an appellate court, even though the trial court gave erroneous reasons therefor. 4 C. J. § 2557, says:

"Where a judgment of the court is correct, it will not be reversed on appeal because the trial court has based its decision on insufficient or erroneous reasons or grounds, or has stated no reasons therefor. And when it does not affirmatively appear on what grounds the decision was made, it is the duty of the appellate court to sustain the court below, if there was any ground disclosed by the record on which the order could properly have been made. So a decision based on several grounds, one or more of which sustain it, will not be reversed, although some of the grounds are erroneous, at least unless in cases where the ground of decision can be seen to have misled a party to his injury. The ground on which the court below proceeded, it has been held, is not a subject of inquiry in the appellate court. It is the ruling itself, and not the reason therefor, with which the reviewing court is concerned."

See Railway Co. v. Fowler, 57 Tex. Civ. App. 556, 122 S. W. 593, and other authorities cited in text from which the above quotation is taken.

[7] In thus holding we do not wish to be understood as concluding that the ground given in support of the judgment, in the

court's qualification of appellant's bill of exception is not supported by the evidence. The defendant Burch did testify as stated, in substance, by the court, that through his attorney at Austin, some time between the 1st and 15th of August, 1914, and prior to September 24th, he did tender to the general land office the money for the interest, and that this tender was refused by said office on the ground that the land had already been forfeited. While the defendant admitted on cross-examination that he personally had never tendered any money to the land office, and only knew that his lawyer had tendered the same by what his lawyer informed him, yet no objection was urged to the testimony because hearsay, nor any motion made to exclude it. Hearsay admitted without objections is not without probative force. W. U. Tel. Co. v. Hirsch, 84 S. W. 394; Thompson v. F. W. & D. C. Ry. Co., 31 Tex. Civ. App. 583, 73 S. W. 29. In the condition of the record disclosed, we think the court properly considered said testimony as at least tending to show an application by defendant Burch to have his rights reinstated, and a tender of the interest due, but the judgment rendered may be sustained, not only upon this ground, but also because of failure of proof that forfeiture had in fact ever been legally effected.

From what we have said it follows that both assignments must be overruled, and the judgment affirmed.