CLAPP et al. v. VADEN et al. (No. 2177.)

Court of Civil Appeals of Texas. El Paso.
Sept. 27, 1928.

Bledsoe, Crenshaw & Dupree, of Lubbock, for appellants.

Wm. H. Russell, of San Antonio, and J. A. Drane, of Pecos, for appellees.

WALTHALL, J. This suit was filed on the 8th day of August, 1927, by Oscar Clapp, Raymond Clapp, and Winnie Baird, against F. S. Vaden, Jr., and several hundred other parties named, but whose names we need not state. The petition is in the form of a trespass to try title suit to recover a tract of land described as section 35 in block 26 of the public school lands in Winkler county, Tex., and to cancel a certain recorded deed described, and to remove cloud from title cast by said deed, by which said deed it is alleged the defendants Pueblo Investment Company attempted to dedicate to the public use certain portions of said land as public parks, streets, and alleys and to dedicate and reserve portions of said land for railroad purposes; that said attempted dedication was made in contemplation of establishing a town, but that no town ever came into existence, or said land occupied by any person, or used for any purpose, appellants alleging that they had obtained title to said land under the 10-year statute of limitation by use, occupation, possession, and enjoyment of said land for a period of more than 10 years prior to the filing of this suit. All of the defendants were duly cited either personally or by publication duly made. Some 300 or more of the defendants cited made personal appearance either in person or by their attorneys and filed answers consisting of general denial and plea of not guilty; some 200 or more represented by their attorney filed answer of disclaimer except as to certain particular tracts out of the section of land sued for.

The court appointed Hon. J. A. Drain, an attorney present and practicing at the bar in Winkler county, as guardian ad litem to file answers and to otherwise represent the absent defendants cited by publication and who had not themselves answered and for whom answers had not been filed by attorneys of their own selection. Said attorney filed answer for said defendants consisting of a general demurrer, general denial, and plea of not guilty. Citation by publication of all parties described as unknown was exhibited to the court and put in evidence and the publication thereof, and are in due form and duly published.

Prior to the trial of the case, all the parties defendant, who appeared personally or by their attorneys, agreed in writing with the plaintiffs upon a judgment to be entered in said cause in said writing adjudging title to said section of land to be in plaintiffs and divesting the said defendants of any claim of title thereto. The above judgment was likewise agreed to by the said attorney and guardian ad litem appointed by the court. Upon the said agreed judgment being presented to the trial court and a statement in open court by all of said parties, including the guardian ad litem, that they each had agreed to such judgment, proof was then offered by plaintiffs in support of their title as alleged. In connection with the parol proof of occupancy by plaintiffs, a quitclaim deed from W. F. Stewart and wife of date October 2, 1916, for a valuable consideration recited in the deed conveying said land to appellant Oscar Clapp, describing said land

as in the petition, and duly acknowledged and filed for record on November 6, 1916, and recorded November 9, 1916, was put in evidence; also, a certain written lease on rental contract between Oscar Clapp and a tenant was introduced in evidence, including all of said land with other lands not involved in this controversy, for a portion of the prescriptive period. The agreed said judgment, under the direction of the trial court, is copied into the statement of facts, following which, and in reference thereto, the trial court entered the following:

"The following judgment was agreed upon by the parties plaintiff and defendants in the cause and was tendered to the court with the request that it be approved and entered as the judgment of the court in this case, but the court refused to approve and enter the same as the judgment of the court, entering instead the judgment as set out in the transcript. The judgment herein copied is inserted in the statement of facts at the request and under the direction of the court, and is as follows: 'The judgment entered by the court reciting the appearance of the plaintiffs and some of the parties defendant, and announce ready, that plaintiffs dismiss as to some of the defendants, naming them, and as to others that they were duly cited by publication, and filed answer, and others having been cited in person made default, and same being duly cited by publication and filing no answer, Hon. J. A. Drain was appointed to represent such and filed answer, and all announced ready, waived jury and agreed to try the facts and law before the court; the court states the tender of the agreed judgment and that no exceptions were urged, all parties agreeing that the agreed judgment should be entered, and that the court thereupon required that proof be heard in support of said agreed judgment; that the court heard the evidence and argument and was of the opinion that said agreed judgment should not be entered, except that plaintiff Oscar Clapp should "recover of and from the defendants, and each of them, the title and possession of all that portion of section 35, block 36, public school lands, situate in Winkler county, Tex., and known and described as all of block No. 126 of the Duval town site, as per plat of said Duval town site, recorded in Vol. 1, page 561, of the deed records of Winkler county, Tex.,"' and so entered judgment."

The trial court did not file findings of facts and conclusions of law other than as found in the above-quoted portion of the judgment.

### Opinion.

The appellees have filed no briefs in this case.

We have carefully reviewed the evidence offered by the appellants in support of their title by limitation of 10 years. The appellees offered no evidence on the trial of the case. We think we need not state the evidence more than to say that it shows, without contradiction in any particular, that Oscar Clapp took possession of and moved on

the section of land in controversy, under the recorded Stewart deed, in the latter part of December, 1916, and occupied a house thereon at that time. The evidence shows that the entire section at that time was inclosed by a stock-proof fence, and so remained during the entire 10 years and up to the filing of the petition in this case on the 8th day of August, 1927. The entire section was adversely occupied and continuously used for grazing purposes, during the entire prescriptive period. Appellant Oscar Clapp, in person, or by tenant under written lease, remained on the land and had control over it. Clapp was a married man until 1921, when his wife died. Clapp claimed to own the land for himself, and after the death of his wife, for himself and the community estate of himself and wife; has never at any time recognized any other claimant to the land, but has at all times asserted title in himself, so claimed to the commissioners' court at different times on matters of taxation. The Stewart deed conveyed to Clapp the entire section sued for. The question presented on this appeal is: The evidence offered being uncontroverted, does it prima facie show title by limitation in appellants?

In the condition of the record the appellants would be entitled to judgment, as there is nothing to show, or even suggest, that appellants have not a perfect title by prescription to the entire section sued for. When Clapp took possession of the land in controversy under the Stewart deed, his possession constructively extended to the entire section. Appellants being in adverse possession and use of the section of land under a deed during the entire prescriptive period, they were entitled to recover against all persons properly before the court, and failing to make affirmative showing of title in themselves. Allen v. Boggess, 94 Tex. 83, 58 S. W. 833; Parker v. Fort Worth & D. C. Ry. Co., 71 Tex. 132, 8 S. W. 541; Alexander v. Gilliam, 39 Tex. 228; Hodges v. Reynolds (Tex. Civ. App.) 37 S. W. 45;' Menefee v. Colley (Tex. Civ. App.) 200 S. W. 182 (writ refused); Wright v. Giles, 60 Tex. Civ. App. 550, 129 S. W. 1163.

The court gave judgment in favor of appellants for only a portion of the section of the land sued for, thus possibly considering that the evidence was sufficient to show prima facie title in appellants, but entered judgment that appellants take nothing against each and all of the appellees "as to all of the balance of the section * * * and the Duval town site as per plat recorded in Vol. 1, page 561, of the deed records of Winkler county." The plat of the Duval town site referred to in the judgment is not found in the record, and so far as the record shows was not introduced in evidence.

Appellant's amended petition recites that the suit is brought in part for the purpose of

canceling and declaring null and void and removing from the title the cloud cast by reason of the recording of an attempted dedication and plat filed by the defendant Public Investment Company and recorded, and that by said plat and dedication said company attempted to dedicate to a certain town named Duval, and to the inhabitants thereof and the public, the right to the use of parks, streets, and alleys mentioned and described in said plat, together with reservation of ground for railroad right of way; that said plat and attempted dedication was made in contemplation of the creation and establishment of said town, but that in truth and in fact no town was ever established or came into existence, nor was any part of the tract of land used or occupied by any person other than appellants and those under whom appellants claim, as an inhabitant or resident of such town; that the said parks, streets, and alleys were never opened up, improved, or in any wise used; and that no railroad has ever been constructed into said proposed town, but same has at all times remained in its natural state, and has for more than 10 years been in the exclusive use, possession, and control of appellants and those under whom they hold. It is further alleged that by reason of the premises said attempted dedication has failed and never became effective; that appellants by adverse, continuous, and peaceable possession, cultivating, using, and enjoying same for more than 10 years before the commencement of this suit, have acquired title to same.

There is no evidence or suggestion in the record, by pleading or otherwise, that appellees or any of them, by any method known for acquiring title to real estate, ever owned, claimed, or had any right, title, or interest whatever in any lot, parcel, or tract of land a part of the land in controversy. The Duval town site plat referred to, apparently, was a town only on paper. The record does not show that a lot in the town as platted was ever sold; in fact, the record does not show any connection or relation whatever between the appellees, or any of them, and the plat of the Duval town site, or any part of it, or any part of the land sued for.

We think we need not discuss the question as to whether the court was in error in not accepting and entering the agreed judgment. We have concluded that the evidence, regardless of any agreement, shows title in appellants to the whole section, and that judgment should have been so entered. The case is reversed, and judgment rendered for appellants and against all appellees as named in the amended petition. The costs are taxed against appellants, including the fee allowed by the court to the guardian ad litem.

Reversed and rendered.