### BALDWIN et al. v. LEONARD.
#### No. 1379.

Court of Civil Appeals of Texas. Eastland.
April 5, 1935.

Rehearing Denied May 10, 1935.

William E. Hawkins and Stinson, Hair, Brooks & Duke, all of Abilene, and Robert E. Bowers, of Breckenridge, for appellants.

Ernest May, of Fort Worth, for appellee.

FUNDERBURK, Justice.

O. P. Leonard brought this suit against Marshall A. Baldwin and Bill Taylor to recover the possession of certain lands in Stonewall county. Plaintiff's pleading presented the issue that he was in possession of the land through a tenant and was forcibly dispossessed by the defendants. The case was tried with a jury, but at the conclusion of the introduction of evidence the trial judge gave a peremptory instruction for the plaintiff. From the judgment rendered and entered in accordance therewith, the defendants have appealed.

Appellants present 45 propositions, but most of them are dependent upon, and controlled by, a decision of the question of whether appellee had the burden of proving title from the sovereignty of the soil, or at least a common source. Appellee contends that he had only the burden of establishing conclusively by the evidence the fact of such prior possession by him and dispossession by the appellants. This question, we think, must be decided favorably to appellee's contention. Appellee in his brief quotes sufficient testimony from the appellant M. A. Baldwin to show conclusively, we think, that appellee was in possession of the land and that he was ousted of such possession by the appellants. Under appropriate pleadings, proof of prior occupancy will support recovery of land from one who shows no better title or right of possession. Alexander v. Gilliam, 39 Tex. 227, 228;

Caplen v. Drew, 54 Tex. 493; Duren v. Strong, 53 Tex. 379.

In the absence of any evidence raising issues of fact that appellants had a superior title to the land, it was the duty of the court to instruct a verdict for the appellee, as was done.

We fail to find any evidence in the record that would show the status of M. A. Baldwin or Bill Taylor (the entry of the latter upon the property being under, or in recognition of, the claim of Baldwin) to have been other than mere trespassers. The right in or title to the land, if any, claimed by any of the parties, emanated from J. H. Baldwin. The evidence showed that J. H. Baldwin prior to his death conveyed the land to J. L. Baldwin. If, as contended by appellants, there was some evidence tending to show that the conveyance from J. H. Baldwin to J. L. Baldwin was in trust, then the evidence just as certainly shows that the trust was for the purpose of paying debts owed by J. H. Baldwin. J. L. Baldwin, evidently after legal title to the land had been vested in him, with the consent of J. H. Baldwin, executed a deed of trust to secure about $35,000 indebtedness of J. H. Baldwin. The evidence shows that, after the death of J. L. Baldwin, the land was conveyed by his executors to appellee, Leonard, in satisfaction of the indebtedness so secured by said deed of trust. The land was thus appropriated to the purpose of the trust, if there was a trust. Any claimant of the land under J. H. Baldwin would therefore be under the necessity of tendering payment of the debts, in discharge of which the land was conveyed before he could be heard in court to assert the trust, as against the title of the purchaser of the land. The enforcement of a trust is a matter of equitable jurisdiction, which certainly could not be had in the absence of an offer to pay the debts for the satisfaction of which the trust, if any, was created.

In view of this conclusion, we think that the other contentions presented in appellants' brief are either without merit or immaterial and harmless.

Being of the opinion that no error has been shown requiring a disturbance of the judgment and that the judgment should be affirmed, it is accordingly so ordered.