HENRY HOEFER v. J. T. ROBISON, COMMISSIONER OF GENERAL LAND OFFICE.

No. 2137. Decided March 15, 1911.

**School Land—Forfeiture of Purchase—Indorsement by Commissioner.**

School land, the purchaser having completed and received his certificate of its occupancy for the necessary time, was successively sold and conveyed to three purchasers in turn, each except the last becoming regularly substituted and giving new obligation for the balance due the State. Default in payment having occurred, the Commissioner indorsed "land forfeited" on the envelope containing all the papers in his office relating to the tract and also on the obligation of the first substituted purchaser, not on that of the second which was the one in force. Held, that the endorsement on the envelope was a sufficient declaration of the forfeiture under article 4218i, Revised Statutes; the additional indorsement on the obligation not in force was immaterial; and the purchaser had no right to reinstatement after the land had been resold to another party. Comanche County v. Brightman, 94 Texas, 599, followed. (Pp. 159-161.)

Original application by Hoefer to the Supreme Court for writ of mandamus against the Commissioner of the General Land Office.

*Charles Rogan* and *Shelley Grover,* for relator.—The vendee executing his own obligation for the balance of the money due by the original purchaser to the State thereupon becomes the purchaser direct from the State; the obligation of the original purchaser is thereby cancelled and he is no longer held liable; and the vendee, the substituted purchaser, is subject to all the obligations and penalties prescribed by law. General Laws, 1895, sec. 10, p. 66; Johnson v. Bibb, 32 Texas Civ. App., 471; Burnett v. Womack, 85 S. W., 1199.

A forfeiture of sale of school land not declared in the manner provided by law is void, and a subsequent sale of the land is also void. General Laws, 1895, sec. 11, p. 67; Island City Sav. Bk. v. Dowlearn, 94 Texas, 383; Brightman v. Comanche County, 62 S. W., 973; Comanche County v. Brightman, 94 Texas, 599; Henderson v. White, 69 Texas, 104; Troop on Public Officers, sec. 556.

*Jewel P. Lightfoot,* Attorney-General, and *John L. Terrell,* Assistant, for respondent.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

On the 22d day of March, 1902, W. F. Iams filed his application in

the General Land Office to purchase section 36, block 1, T. T. & R. R. Co., as a home and to purchase section 18, block 7, T. T. & N. O. Co., as additional land, both sections situated in Dallam County. The Commissioner of the General Land Office awarded both sections to Iams, who executed his obligation, made payments and did all the things necessary to be done to complete his purchase. Having resided upon the land as required by law for three years, and having paid all interest and made all other payments that the law required, Iams made proof according to law that he had occupied the land for three years continuously and otherwise complied with the statute and on March 28, 1905, the Commissioner issued to Iams the certificate of occupancy as prescribed by the statute.

On March 28, 1905, Iams sold and, by deed executed, conveyed section 18 to J. K. Hearste, who caused his deed to be recorded in that county, after which he filed it in the Land Office, executing his own obligation for the balance of the purchase money due upon the land, thereby being substituted and accepted by the Commissioner as a substitute purchaser from the State for said section 18.

On November 1, 1905, Hearste, joined by his wife, by deed duly executed, conveyed the said section 18 to W. F. Langley, and on March 22, 1906, Langley caused his deed to be recorded in the said county as required by law and deposited it in the Land Office with his own obligation for the balance of the purchase money, thereby becoming substitute purchaser of the land. Up to this time the law had been complied with by each of the preceding purchasers and Langley was recognized by the Commissioner of the General Land Office as substitute purchaser.

On April 18, 1906, Langley, by deed duly executed, conveyed the land to relator, but the deed was not filed in the Land Office and no steps were taken by relator to substitute himself as purchaser from the State.

The interest upon the purchase price of the land was all paid up to November 1, 1908, but the interest due on that date was not paid. On September 2, 1909, the Commissioner declared the land forfeited, making endorsement upon the contract of Hearste, also upon the file wrapper which contained all the papers connected with that transaction and upon the account kept in that office with the purchase. The land was duly placed upon the market for sale to occur October 4, 1909, and on October 5th, at 10:00 o'clock a. m., the land was awarded to corespondent Townsend in accordance with the provisions of the statute governing such sales, and on the same day at 10:40 o'clock a. m., just forty minutes after the award had been made to Townsend, relator offered to pay the interest which had become due, making tender of the money to the Commissioner, but the Commissioner refused to accept it because the land had already been awarded to Townsend.

Relator filed this application for a mandamus to require the Commissioner to cancel the award made to Townsend and accept payment of the interest from him and reinstate the purchase of the land as made by the persons hereinbefore named.

Article 4218-1 of the Revised Statutes contains this provision: "If upon the first day of November of any year the interest due on any obligation remains unpaid, the Commissioner of the General Land Office shall endorse on such obligation 'Land Forfeited,' and shall cause an entry to that effect to be made on the account kept with the purchaser, and thereupon said land shall thereby be forfeited to the State without the necessity of reentry or judicial ascertainment."

The only proposition presented in this application upon which the mandamus is sought is, that the declaration of forfeiture made is void because the endorsement, "Land Forfeited," was not placed upon the obligation of W. F. Langley, the second substitute purchaser, that being the one then in force. It is insisted that a strict compliance with the law is required to sustain a forfeiture, and as to the facts which transpired and upon which a forfeiture is declared the contention is correct. But it has been held by this court that a substantial compliance with the requirements of the statute in making the endorsement specified is sufficient. Comanche Co. v. Brightman, 94 Texas, 599. In the case cited the obligation was in the office of the Treasurer of the State, having been deposited there under a previous law which required that it should be so done. When the forfeiture occurred in that case, the Commissioner, not having the custody of the obligation, made the endorsement upon the file wrapper which contained the papers concerning that particular tract of land and upon the account kept in the Land Office with that land sale. This court held that such endorsement was a substantial compliance with the law, saying: "The file wrapper itself was a paper which the law required him to keep (Revised Statutes, article 4040b), and it enclosed all the papers in his office evidencing the contract; and the account, also required to be kept, showed the standing of the purchaser. The indorsement upon these were such compliance with the law as he could make, and we think, as they furnished evidence of his action which met the purpose of the law, they were sufficient. Whether or not the indorsement on the account alone would be sufficient, where the obligation is not in the office, we need not determine."

Although, in this instance, the obligation was in fact in the office, it was inclosed in the file wrapper with all papers connected with that tract of land, and the indorsement "Land Forfeited" being placed upon the file wrapper and upon the account meets all the requirements of the statute in a substantial way notwithstanding the indorsement was improperly made upon an obligation not then in force. The endorsement upon that obligation could not in any way assist in sustaining the forfeiture; but, discarding it as if no endorsement upon any obligation had been made, the facts still are sufficient to show a substantial compliance with the requirements of the law and sufficient to support the forfeiture as it was declared.

The application for the writ of mandamus is refused.