MRS. LILLIAN CHAMBERS ET AL. V. J. T. ROBISON, COMMISSIONER OF GENERAL LAND OFFICE.

No. 2745.    Decided October 13, 1915.

1.—School Land—Forfeiture for Non-payment.

In order to forfeit the rights of a purchaser of school land for default in payment the Commissioner of the General Land Office is required to indorse "land forfeited" on the purchaser's obligation, and also make an entry to that effect on the account kept with the purchaser. A substantial compliance with both requirements is necessary, and this is not effected by indorsement on the obligation only, without entry on the account. (Pp. 317-319.)

2.—Statutes—Executive Construction.

The construction given a statute by executive action can not prevail over its clear language. (P. 319.)

Original application to the Supreme Court for writ of mandamus against the Land Commissioner requiring reinstatement of relators as purchasers of school land.

*Tatum & Tatum* and *Ramsey, Black & Ramsey,* for relators.—It being admitted that the Commissioner of the General Land Office did not cause an entry of the fact of forfeiture to be placed on the accounts, the attempted forfeiture of the claims of the relators to said land was invalid. Revised Statutes of 1911, art. 5423 (Act of 1897, p. 39, Gammel's Laws of Texas, vol. 10, p. 1093); 38 Cyc., 280, 282; Porphyry Paving Co. v. Ancker, 104 Cal., 340; Merges v. Attenbrand, 123 Pac., 21; Sloan v. Fraternal Assn., 123 S. W., 57; Fristoe v. Blum, 92 Texas, 76; Pohle v. Robertson, 102 Texas, 274; Harper v. Terrell, 96 Texas, 429; Savings Bank v. Dowlearn, 94 Texas, 388; Walker v. Rogan, 93 Texas, 248; Bryan v. Sundberg, 5 Texas, 417; Cowell v. Martin, 43 Cal., 605; Leon County v. Houston, 46 Texas, 575; Throop on Pub. Officers, sec. 556; Davis v. Farnes, 26 Texas, 296.

Executive construction has no weight when the language of the statute is clear. Railway Co. v. State, 81 Texas, 602; Sutherland, Stat. Const., sec. 308; Fire Assn. v. Love, 101 Texas, 376; Kimbrough v. Barnett, 93 Texas, 301; Whittemore v. People, 227 Ill., 453.

There being no valid forfeiture of the previous sale, the subsequent sale to Harris was void.    Pohle v. Robertson, 102 Texas, 275.

An intervening right, sufficient to furnish an obstacle to the right of reinstatement, must be a valid right.    Mound Oil Company v. Terrell, 99 Texas, 625; Anderson v. Neighbors, 84 Texas, 238; Boswell v. Terrell, 97 Texas, 259.

*B. F. Looney,* Attorney General, and *G. B. Smedley,* Assistant, for respondent.—As to the manner of declaring the forfeiture a substantial compliance with the statute is sufficient and in this instance the Commissioner substantially complied with the statute.    We submit that this position is sustained by the two cases most nearly in point, which are Brightman v. Comanche County, 94 Texas, 599, and Hoefer v. Robison, 104 Texas, 159.

It is a general rule of construction that "statutes directing the mode of proceeding by public officers are directory and are not to be regarded as essential to the validity of the proceedings themselves  .   .   . unless there is something in the statute itself which plainly shows a different intent."    Lewis' Sutherland Statutory Construction, 2d edition, paragraphs 618, 629.

Mr. Chief Justice PHILLIPS delivered the opinion of the court.

The case concerns a forfeiture by the Commissioner of the General Land Office of the sale of four sections of public school land. · The validity of the forfeiture is the only question presented for decision.

The land was originally awarded and sold to J. M. Patterson.    It was conveyed by him to B. H. Park, the former husband of Mrs. Chambers and the father of the other relators, who became the substitute purchaser in accordance with the law.    Park died intestate in 1906.    The sale preserved its good standing until November 1, 1913, when default was made in the payment of the annual interest due upon Park's obligations to the State.    Because of this default, the Commissioner on August 4, 1914, duly endorsed on the obligations of Park on file in his office, the words, "Land Forfeited"; and placed the land upon the market for re-sale.    It was re-sold to the co-respondent, George P. Harris, August 10, 1914, upon his application to purchase. On August 12, 1914, the relators made· written request for the reinstatement of their claims, paying in to the Treasury the full amount of the interest then due, for which the official receipt of the Commissioner was given.

At no time prior to August 12, 1914, did the Commissioner cause an entry of the forfeiture to be made on the account in his office kept with the purchaser, Park.    As to one of the sections, such an entry had never been made.    On the accounts for the other three sections, it was made, but some days after the sale of the land to Harris and the filing of the relators' request for reinstatement.

This proceeding has for its purpose the reinstatement of the pur-

chase of the land by Park upon the records of the Land Office, and the cancellation of its sale to Harris.  If the forfeiture was invalid, the relators are entitled to the writ of mandamus for which they pray, since, in that event, the land stood unforfeited, in law, at the time of the transaction with Harris and the filing of the request for reinstatement; and, no rights of third parties having intervened, the relators were entitled to have their claims reinstated upon the official records upon the filing of their written request to that effect and their payment into the Treasury of the full amount of the accrued interest. Art. 5423, Revised Statutes, 1911.

The provision of the law governing such forfeiture on account of default in the payment of interest is that found in article 5423, and is in the following language:

"If upon the first day of November of any year any portion of the interest due on any obligation remains unpaid, the commissioner of the general land office shall endorse on such obligation, 'Land Forfeited,' and shall cause an entry to that effect to be made on the account kept with the purchaser; and thereupon said land shall thereby be forfeited to the State without the necessity of re-entry or judicial ascertainment, and shall revert to the particular fund to which it originally belonged, and be resold under the provisions of this chapter, or any future laws."

That a forfeiture does not accrue under the statute except as the result of the performance by the Commissioner of the acts enjoined, is plain.  Upon the default he is required to make the endorsement, "Land Forfeited" upon the purchaser's obligation, and, in addition, there is enjoined as his duty the causing of an entry to that effect to be made on the account kept with the purchaser.  "Thereupon" the land becomes "thereby" forfeited to the State, which means, of course, that it does not become forfeited until these things are done.  While a strict compliance with the law in respect to the facts upon which the forfeiture proceeds, is required, the rule of decision is that an exact and literal compliance with these provisions relating to the endorsement and entry, is not necessary.  A substantial compliance with them will suffice to effect the forfeiture.  Brightman v. Comanche County, 94 Texas, 599, 63 S. W., 857; Hoefer v. Robison, 104 Texas, 159, 135 S. W., 371.  The question here is, whether making the endorsement of forfeiture upon the obligation, alone, amounts to a substantial compliance.

Where a statute clearly provides that two distinct acts of this nature, which, though of the same general character, have to do with distinct and different official records, shall be performed as a condition for the accrual of a forfeiture, it is difficult to find any stable ground for holding that the performance of one of them is substantial observance of the dual requirement.  There could be no warrant for thus ignoring a plain provision of the statute unless it be true that the act performed clearly accomplishes all that could have been reason-

ably intended by the other requirement. This, in its result, would mean that the requirement ignored was no essential part of the law, and in its administration could be dispensed with as surplusage.

Both the endorsement upon the obligation of the purchaser and the entry on his account are required by the statute only as authentic evidence of the forfeiture. But, while this is true, the statute is clear in its declaration that a forfeiture does not accrue until it is thus evidenced. It should be assumed that the Legislature had a purpose in extending the requirement as to the method of evidencing the forfeiture beyond the mere endorsement upon the purchaser's obligation. It is evident that that was not deemed a sufficient authentication of the forfeiture. For that reason the additional requirement that an entry to the same effect shall be made on the account, was imposed. It was intended, in other words, that the forfeiture should in this manner be doubly evidenced, for the purpose of greater certainty and affording a more permanent and enduring record. We are not at liberty to construe out of the statute a provision which it is manifest was written into it to accomplish a distinct legislative purpose, and which it is clear was regarded as necessary to completely effectuate that purpose. The statute is not substantially complied with where only one of the requirements is observed. A substantial compliance with both of them is necessary.

To sustain the contention that the endorsement in this case upon the obligation amounted to a substantial observance of both requirements of the statute, the respondents rely upon the cases of Brightman v. Comanche County, and Hoefer v. Robison, supra. Neither of these cases sustain the position. In the former the purchaser's obligation was not in the Land Office at the time of the declaration of the forfeiture, and under the condition of the law at that time was not required to be kept there. It was in the Treasurer's office, its lawful custodian; and it was impossible, therefore, for the Commissioner to make the endorsement upon it. The application, affidavit, field notes and receipts of the Treasurer, were archives of his office, and were in his custody, contained in the file wrapper pertaining to the purchase. In lieu of making the endorsement upon the obligation, the Commissioner, under this condition, made the endorsement upon the file wrapper. It was held that this was the only method available to him of complying with the requirement that the endorsement of the forfeiture should be made upon the obligation, and, since due entry of the forfeiture was made upon the purchaser's account, the entry upon the account and such endorsement upon the file wrapper constituted a substantial compliance with the law. In the latter case, it was held that the entry of the forfeiture upon the purchaser's account and an endorsement of forfeiture upon the file wrapper which then contained the purchaser's obligation, was likewise a substantial compliance with the requirements of the statute. In neither of these decisions is it intimated that the observance of merely one of the requirements amounts

to a substantial compliance with both of them. As noted, in both cases due entry of the forfeiture was made on the purchaser's account. Had this alone been deemed a substantial observance of both requirements, there would have been no need of discussing or giving any effect to the endorsement upon the file wrapper. Instead, the court gave substantial effect to that endorsement, holding, as stated, that such endorsement, under the facts of the cases, together with the entry upon the account, substantially met the requirements of the statute. In Brightman v. Comanche County decision of the question, whether entry of the forfeiture on the account alone would be sufficient where, as was the condition in that case, the obligation was not in the Land Office, was expressly pretermitted.

Adams v. Terrell, 101 Texas, 331, 107 S. W., 537, involved a forfeiture by the Commissioner for failure to reside upon the land as required by law. The question presented was whether such failure had the effect, in itself, of constituting a forfeiture, or whether, upon such failure, a declaration of the forfeiture by the Commissioner was necessary. The Act of 1895 provided that in the event of the failure by the purchaser to reside upon and improve the land as required by law, he should forfeit it to the State "in the same manner as for the non-payment of interest." The Act of 1901 provided that in the event of such failure, the purchaser should forfeit the land to the State "to the same extent as for non-payment of interest." The court construed these provisions as requiring, for the accrual of a forfeiture on account of non-occupancy, the same character of declaration of the forfeiture as for the non-payment of interest, that is, as found in the provision of article 5423, Rev. Stats., 1911, quoted in this opinion. And in applying that provision it is evident from the opinion that observance of the requirement that the entry be made upon the account, was regarded as essential in order for a forfeiture to accrue for the non-payment of interest. This language was made use of: "Does any reason suggest itself why it should be necessary to a forfeiture for non-payment of interest, that the Commissioner should *enter it on the account* and why a like method should not be adopted in case of a forfeiture for non-occupancy? None presents itself to our minds. On the contrary, it would seem since the accounts with the purchaser are kept in the Land Office and since they will necessarily show the fact in case the interest is not paid, there is less reason for declaring the forfeiture in that case, than in case of non-occupancy, where there is no public record to show the fact."

A usage in the Land Office, long pursued, of declaring forfeitures for non-payment of interest by simply making the endorsement on the purchaser's obligation, to which our attention has been directed by the respondents, would be persuasive if the construction of the statute were doubtful. But we regard its provisions as plain.