## LEWIS et al. v. HEATH. (No. 2217.)

Court of Civil Appeals of Texas. El Paso. Nov. 28, 1928.

Rehearing Denied Jan. 3, 1929.

E. C. De Montel and W. H. Sanford, both of Wichita Falls, for plaintiff in error.

N. R. Morgan, of Seminole (Garland & Yonge and Cecil Rotsch, all of Lamesa, of counsel on rehearing only), for defendant in error.

HIGGINS, J. This is an action in the ordinary form of trespass to try title by the appellants Lewis and Brearley, against appellee Heath, to recover section 38, block G, in Gaines county. The case was tried without a jury and judgment rendered in favor of the defendant. Findings and conclusions were not filed by the trial court, and the record does not disclose the theory upon which the judgment was based. The facts are undisputed. There was offered in evidence by the plaintiffs, without objection, a certificate by the chief clerk and acting commissioner of the general land office certifying that the papers, documents, and records of said office show that the land in controversy was awarded to Heath January 10, 1917, at $7.54 per acre, as his home tract, classified as mineral and agricultural, and appraised at $6 per acre; that Heath made the required proof of occupancy and improvements, and certificate thereof issued February 21, 1920; that the section was forfeited for nonpayment of interest August 20, 1924, and thereafter awarded appellant Lewis, October 4, 1924, "on his application filed in this office 2nd September, 1924," at $6.11 per acre, without condition of settlement, classified as mineral and grazing, appraised at $5 per acre; that Lewis conveyed the southwest one-fourth of said section 38 to appellant Brearley, June 22, 1925; "that each of said tracts was cancelled 21st September 1925, account erroneous sale, the land not having been advertised after forfeiture, (Weaver vs. Robison, 268 SWR 133), and the sale of said section 38 to E. W. Heath reinstated on 21st September, 1925, he having paid the interest on said tract to 1st November 1924."

The certificate of the land commissioner shows some other facts which have no bearing upon the rights of the parties and need not be stated.

The sale of the land to Lewis was invalid under the ruling of the Commission of Appeals in Weaver v. Robison, 114 Tex. 272, 268 S. W. 133, but the fourth section of chapter 130, p. 332, Acts Thirty-Ninth Legislature, article 5311b, R. S., effective March 28, 1925, reads:

"In cases where public free school and asylum land has been advertised as being subject to forfeiture for nonpayment of interest and to be forfeited and canceled and come on the market for sale at some future sale date and such land was declared forfeited and the sale canceled on the records of the General Land Office and sale awards issued upon applications filed at such sale date, and said sale award has been held by the Supreme Court to be void and all other sale awards which may be void or voidable or the titles to which may have become defective from any cause, are hereby validated, and when the said land shall be fully paid for together with payment of all fees it shall be patented; pro-

vided, in cases where the sale award of the land advertised as aforesaid has not stood one year the owner of said land at date of forfeiture shall have the right to apply to the General Land Office for a re-instatement of said former sale upon the payment of all past due interest at any time within six months after the taking effect of this Act."

The effect of this act was to validate the sale to Lewis subject to the reinstatement right of Heath, as contained in the proviso of the act.

The fourth section of chapter 163 of the Acts of the Thirty-Sixth Legislature 1919, Regular Session (article 5312, R. S. 1925), provides:

"One desiring to buy any portion of the land included in this Act shall transmit to the Commissioner of the General Land Office a separate application for each tract applied for together with the affidavit of the applicant to the effect that he desires to purchase the land for himself and that no other person or corporation is interested in the purchase thereof either directly or indirectly and one-fortieth of the aggregate price offered for the land and the obligation of the applicant in a sum equal to the amount of the unpaid purchase price offered for the land, binding the purchaser to pay to the State at the General Land Office at Austin, Texas, on the first day of November thereafter and on the first day of November of each year thereafter until the whole purchase price is paid, one-fortieth of the aggregate price with interest on the unpaid purchase price at the rate of five per cent. per annum. *Upon receipt and filing of the application, affidavit, obligation and the one-fortieth part of the price offered, the sale shall be held effective from that date.* * * * [Italics ours.]"

The certificate of the land commissioner heretofore referred to shows that Lewis' application was filed in the land office September 2, 1924. Therefore, on September 2d, 1925, the sale to him had stood for one year, because under the quoted section of chapter 163, Acts Thirty-Sixth Legislature, the sale to him was effective from September 2, 1924.

▮ Under section 4 of chapter 130, Acts of the Thirty-Ninth Legislature, art. 5311b, quoted above, Heath, as against Lewis, had no right to have the former sale to him reinstated after the subsequent sale to Lewis had stood for one year. The certificate of the chief clerk and acting commissioner, above noted, does not show upon what date Heath paid his delinquent interest and applied to have his purchase reinstated. Under the law to which we have referred, he must have made the application and paid the interest prior to September 2, 1925. We find in the statement of facts a letter offered in evidence by appellee Heath, dated September 4, 1925, from the acting land commissioner, to appellees' attorney, as follows:

"Mr. N. R. Morgan, Seminole, Texas. Dear Sir: Yours of recent date received desiring to know just when the interest will have to be paid on Section 38, block G, certificate 2, W. T. Ry. Co., in Gaines County in order to reinstate same. You are advised that the last Legislature passed an act providing that sales might be reinstated within six months from the passage of that Act, which time will expire for you to reinstate on September 27th. Therefore, if you will send to this office $706.85, the amount of interest due to Nov. 1, 1924, on or before Sept. 27th, said sale to you can be reinstated."

The defendant Heath testified:

"I paid the delinquent interest on this land somewhere around the 21st of September. They probably received the money about then. It may have been somewhere around the 17th or 18th when I sent it off. I think my award card was dated the 21st of September. I had been delinquent in the interest and paid that up and was reinstated."

From the letter and this testimony of Heath it is apparent he did not pay the interest and apply for reinstatement until subsequent to September 2, 1925. Therefore, under the Act of the Thirty-Ninth Legislature, he had lost his right to reinstatement as against Lewis. Heath, having failed within a year from the date of the sale to Lewis to apply for reinstatement and pay the delinquent interest, the act of the land commissioner in forfeiting the sale to Lewis was unauthorized and ineffective.

Appellants' first assignment and proposition raising this question are sustained.

The second assignment presents the proposition that the certificate of the commissioner shows that when Heath's purchase was reinstated on September 21, 1925, he did not pay interest to that date, but only to November 1, 1924, the previous interest-paying date under article 5312, R. S. Appellants' contention is that under article 5311b, especially when that is read and construed in connection with article 5326, R. S., the payment of interest to November 1, 1924, was insufficient; that all interest to September 21, 1925, should have been paid, and the action of the commissioner, reinstating Heath upon an insufficient interest payment, was unauthorized and ineffective against the intervening rights of appellants.

In our opinion this assignment raises a serious question, but it is unnecessary to pass upon the same, in view of the ruling upon the first assignment.

The above reflects the view of the majority as to the proper disposition to be made of the appeal, but it is proper we should indicate our reasons for not adopting the views expressed in Associate Justice Walthall's dissent. The general rules of law announced in the dissent are of course recognized.

▮ Nor do we doubt that when the commis-

sioner undertook to forfeit, on August 20, 1924, the previous award to Heath, such forfeiture was ineffective and Heath did not lose title, unless the commissioner made the indorsement and entry required by article 5423, Complete Texas Statutes 1920, quoted in the dissent. That is settled by Chambers v. Robison, 107 Tex. 315, 179 S. W. 123, also quoted in the dissent.

■ The certificate of fact by the acting commissioner was properly admissible in evidence in proof of the facts therein stated. Article 3722, R. S.; Talley v. Lamar Co., 104 Tex. 295, 137 S. W. 1125; White v. Pyron (Tex. Civ. App.) 62 S. W. 83.

It was admitted without objection and appellee in his brief expressly recognized the competency and sufficiency of the certificate as proof of the facts therein stated, for he says: "The certified statement of the commissioner of the Land Office is admitted in all of the courts and taken as conclusive in the examination of titles to unpatented public school lands in Texas."

Under article 5423, supra, it was made the duty of the commissioner to forfeit the award to Heath and make the proper indorsement and entry when the latter became delinquent in the payment of the interest due November 1, preceding the forfeiture on August 20, 1924. That he was delinquent is affirmatively shown by his own testimony quoted in both the majority and dissenting opinions. It is also shown by the certificate of fact. It is also shown by the certificate that the Commissioner undertook to forfeit on August 20, 1924; this was also shown by the county records. It is also clearly inferable from Heath's testimony and the letter quoted in the majority opinion.

■ We thus have a situation where on August 20, 1924, Heath was delinquent in his interest, and it was the duty of the commissioner to forfeit the previous sale to him and that the commissioner undertook to do so. The only missing fact to affirmatively establish a valid forfeiture is that it was not affirmatively shown that the commissioner made the indorsement and entry required by article 5423, supra. There is not the slightest suggestion that he did not make such indorsements. In the absence of evidence to the contrary, it will be presumed the commissioner did his duty and made such indorsements. This presumption is but an application of the familiar principle that when a public official is charged with a duty and he discharges, or undertook to discharge, that duty, it will be presumed, in the absence of evidence to the contrary, that he did so rightfully and in a lawful manner. Anderson v. Polk (Tex. Sup.) 297 S. W. 219, and cases cited.

This principle has often been applied with respect to the acts of the land commissioner. Stoker v. Stoker (Tex. Civ. App.) 254 S. W. 398; Corrigan v. Fitzsimmons, 97 Tex. 595, 80 S. W. 989; Clements v. Robison, 111 Tex. 449, 239 S. W. 902; White v. Pyron, supra.

Upon the facts affirmatively and conclusively here shown the presumption arises that the commissioner made the indorsement and entry required by said article 5423. Especially is this true when this record in every feature reflects the fact that upon the trial all parties proceeded and tried the case upon the theory that a valid forfeiture was effected on August 20, 1924.

For these reasons the majority are of the opinion the case cannot be affirmed upon the theory of the dissenting opinion.

Before closing it is perhaps proper to call attention to the fact that the forfeiture on November 10, 1925, and subsequent resale to Heath, as stated in the dissent, was under the Revaluation Act of 1925, c. 94, p. 267, and does not affect the rights of the parties.

Upon retrial it may be appellee can show that a valid forfeiture of his land was not effected on August 20, 1924, for failure on the part of the land commissioner to make the proper indorsement and entry. If so, Heath did not lose his then existing title and appellees never acquired any title. Chambers v. Robison, supra.

Therefore the case will not be rendered, but remanded for retrial, that the facts upon that issue may be fully and certainly shown.

Reversed and remanded.

WALTHALL, J. (dissenting). I feel that I must express my dissent from the majority opinion.

This case presents an appeal from a judgment in favor of appellee Heath in a suit in the ordinary form of trespass to try title brought by appellants Lewis and Brearley against appellee Heath for title and possession of school land section 38, block G, in Gaines county. The claims of appellants and appellee are based upon the several actions taken by the commissioner of the general land office, on their application to purchase said land, the awards made to each, forfeitures entered, and reinstatement made. Appellants claim title under an award made to Lewis on October 4, 1924, on his application to purchase filed September 2, 1924. Heath claims title under an award to him on January 19, 1917, on his application to purchase filed January 2, 1917, and the reinstatement of the sale made to him on September 21, 1925.

The certificate of the commissioner of the general land office, used in evidence on the trial, shows substantially the following:

The seal of the state impressed thereon, with the date, "I, J. H. Walker, Chief Clerk and Acting Commissioner of the General Land Office of the State of Texas, do hereby certify that the papers, documents and records of said office show: That said section 38, containing 641 acres was awarded E. W. Heath,

19th January, 1917, on his application filed in this office 2nd January, 1917 (stating valuation), as his home tract, being classified as mineral and agricultural (stating appraised value); that E. W. Heath made the required proof occupancy and improvements of said land 16th February, 1920, and certificate of occupancy issued 21st February, 1920. That said Section 38 was forfeited for non-payment of interest August 20th, 1924; that said Section 38 was awarded Jay Lewis October 4th, 1924, on his application filed in this office September 2nd, 1924 (stating valuation) without condition of settlement, being classified as mineral and grazing and appraised at (stating appraised value); that Jay Lewis conveyed the S. W. ¼ said section to Syd Brearley June 22nd, 1925; that each of said tracts was cancelled September 21st, 1925, account erroneous sale, the land not having been advertised after forfeiture (Weaver v. Robison, 114 Tex. 272, 268 S. W. 133) and the sale of said Section 38 to E. W. Heath reinstated on September 21st, 1925, he having paid the interest on said tract to November 1st, 1924; that said Section 38 was forfeited for non-payment of interest November 10th, 1925, and reappraised for E. W. Heath, June 15th, 1926, (stating appraised value) on his application for re-valuation under Chapter 94, Act of 1925, filed in this office 25th day of November, 1925, together with one cent per acre.

"That said Section 38 was awarded E. W. Heath October 2nd, 1926, on his application filed in this office September 8th, 1926, together with $48.08, the first cash payment of ¹⁄₄₀, and same stands on the records of this office in his name, with 3% interest due thereon to November, 1926, $3.85, the unpaid purchase money being $1872.92; (142650)."

E. W. Heath testified: "In regard to this certificate stating that this land was forfeited for nonpayment of interest on the 20th of August, 1924, I do not remember what date it was, but it was somewhere about then. With respect to the statement that Section 38 was forfeited for non-payment of interest the 10th of November, 1925: I got this land re-appraised and made payment of the interest. I paid the delinquent interest on this land somewhere around the 21st of September. They probably received the money about then. It may have been somewhere around the 17th or 18th when I sent it off. I had been delinquent in the interest and paid that up and was reinstated."

On cross-examination Heath said: "As to whether the interest I sent there in September, 1925, only paid me up until November 1st, 1924, I think that is the date."

A. J. Roach, district county clerk of Gaines county, the keeper of all the records made on awards of public lands in that county, testified that when an award is made in the sale of public school lands the land commissioner issues the certificate exhibited that it may be entered in the classification record with the number of each sale, sale price, and date of sale. Testifying from that record, he said it gives a notation of forfeiture on August 20, 1924, of the old award to E. W. Heath, and on September 2, 1924, this sale to Jay Lewis, again forfeited on November 10, 1925, at the request of E. W. Heath, and resold to him on September 8, 1926. That sale was under a reappraisement. The sale to Lewis was noted canceled on September 21, 1925, and sale to Heath reinstated. The entries shown were made under the instructions from the general land office.

The trial was held without a jury, and judgment was entered for appellee Heath.

Appellants filed two assignments of error and presented here as propositions. The first claims error in entering judgment for appellee Heath on the ground that the uncontradicted evidence shows the award and sale of the section of land in controversy to Heath upon his application of January 2, 1917, was forfeited for nonpayment of interest on August 20, 1924, and that said section was awarded Jay Lewis on his application of September 2, 1924; that Jay Lewis made no default in any payment due the state either in principal or interest, and in all respects complied with the conditions of said award; that said sale award to Lewis stood more than one year before Heath applied to the general land office for reinstatement of the former sale to him, whereby said sale to him, Lewis, was validated by chapter 130, § 4, Acts 1925, and the attempted reinstatement of the sale to Heath was unauthorized and void.

The second assignment, after stating the facts as to the several awards and forfeitures, states, as to the first assignment, that Lewis at no time defaulted in the payment of any amount due the state on said land, either principal or interest; that on Heath's application of September 24, 1925, for reinstatement, the land commissioner attempted to reinstate same; that at said time Heath did not pay all past-due interest due under said former sale to him, and did not pay or tender payment at any time within six months after the taking effect of chapter 130, § 4, Acts 1925, nor within one year from the date of said sale to Lewis, by reason of which Heath failed to comply with the conditions of said act; that the sale to Lewis by the terms of said act was validated; that for the reasons stated judgment should have been for appellants.

The court made no findings of fact and conclusions of law. Nor does the judgment indicate the ground upon which judgment was rendered for appellee. In order for plaintiff to recover the land in controversy in his suit in trespass to try title, it is necessary that he show title in himself superior to that under which Heath claimed; that is, the land commissioner having first awarded the land in

question to Heath, Lewis must show a legal forfeiture of the Heath award in order to show that the land was subject to his award. In my opinion he has not shown a legal forfeiture of the Heath award. As I view the law, to create a legal forfeiture of an award lawfully made, two facts must be made to appear: Some portion of the interest due on the obligation of the purchaser must be delinquent, and the commissioner must indorse on such obligation, "Land Forfeited," and cause an entry to that effect to be made on the account kept with the purchaser. In my opinion the certificate from the land office, relied upon, does not show either of the above facts, especially the necessary entries as above.

The record sufficiently shows that prior to August 20, 1924, the land in controversy had been sold to Heath. The statement is made in each of the assignments that on the 20th of August, 1924, the award and sale to Heath was forfeited for nonpayment of interest. The only evidence of such forfeiture found in the record is in the certificate of the land commissioner that the papers, documents, and records of that office as to such forfeiture are in the following words: "That said section 38 was forfeited for nonpayment of interest 20th August, 1924." The question presented is: Is it sufficiently made to appear by the above entry that the award made to Heath was forfeited for nonpayment of interest, and the land subject to resale on a subsequent sale date?

Article 5423, Vernon's Sayles' Texas Civil Statutes, under which the forfeiture was attempted to be made, reads, in part, as follows:

"If upon the first day of November of any year any portion of the interest due on any obligation remains unpaid, the Commissioner of the General Land Office shall endorse on such obligation 'Land Forfeited,' and shall cause an entry to that effect to be made on the account kept with the purchaser; and thereupon said land shall thereby be forfeited to the state without the necessity of re-entry or judicial ascertainment, and shall revert to the particular fund to which it originally belonged, and be re-sold under the provisions of this chapter, or any future law."

The certificate states that the papers, documents, and records of the commissioner's office show that section 38 was forfeited for nonpayment of interest and the date thereof, but the certificate does not show on what papers, documents or records in the office indorsements were made, nor what papers, documents or records show the facts stated in the certificate. The certificate does not show that the commissioner of the general land office made the entry or indorsement of the forfeiture on the obligation of the purchaser, nor that the indorsement, "Land Forfeited," was made or entered on the obligation of the purchaser, nor that an entry of "Land Forfeited" was caused to be entered on the account kept with the purchaser. By provision of the statute it is only when such has been done that "*thereupon* said land shall *thereby* be forfeited" to the state. Similar questions presented here have come before our courts.

In Chambers et al. v. Robison, Commissioner General Land Office, 107 Tex. 315, 179 S. W. 123, in a proceeding to reinstate an award forfeited and where the commissioner had indorsed on the obligation on file in his office the words, "Land Forfeited," and placed the land upon the market for resale, and sold upon the application of another to purchase, but the commissioner had not caused an entry of the forfeiture to be made on the account kept with the purchaser, as the law provides, our Supreme Court said that while a strict compliance with the law in respect to the facts upon which the forfeiture proceeds is required, the rule of decision is that an exact and literal compliance with these provisions relating to the indorsement and entry is not necessary, and that a substantial compliance with them will suffice to effect the forfeiture, and that the question there presented was whether, making the indorsement of forfeiture upon the obligation, alone, amounts to a substantial compliance. In discussing that question the court said:

"Where a statute clearly provides that two distinct acts of this nature, which, though of the same general character, have to do with distinct and different official records, shall be performed as a condition for the accrual of a forfeiture, it is difficult to find any stable ground for holding that the performance of one of them is a substantial observance of the dual requirement. * * * This, in its result, would mean that the requirement ignored was no essential part of the law, and in its administration could be dispensed with as surplusage. Both the indorsement upon the obligation of the purchaser and the entry on his account are required by the statute only as authentic evidence of the forfeiture. But, while this is true, the statute is clear in its declaration that a forfeiture does not accrue until it is thus evidenced. It should be assumed that the Legislature had a purpose in extending the requirement as to the method of evidencing the forfeiture beyond the mere indorsement upon the purchaser's obligation. It is evident that that was not deemed a sufficient authentication of the forfeiture. For that reason the additional requirement that an entry to the same effect shall be made on the account was imposed. It was intended, in other words, that the forfeiture should in this manner be doubly evidenced, for the purpose of greater certainty and affording a more permanent and enduring record. We are not at liberty to construe out of the statute a provision which it is manifest was written into it to accomplish a distinct legislative purpose."

**646**

The mandamus was granted. The certificate offered in evidence shows that after the forfeiture of Heath's purchase had been noted the commissioner had attempted to correct or recall the sale to Lewis as being erroneous, the land not having been advertised after the Heath forfeiture, and refers to Weaver v. Robison, 114 Tex. 272, 268 S. W. 133. I do not regard the exact point decided in that case as in point here, but in that case Judge Powell, of the Commission of Appeals, Section B, makes an extended and very helpful review of the statutes pertaining to the sale of school lands, and refers to the several acts of the Legislature and as specially restricting the authority of the commissioner in making sales of the public lands, and in doing so refers to many opinions of the Supreme Court discussing the rights of parties whose contracts are being forfeited, and in which it is held that such rights are carefully guarded and the law pertaining thereto strictly enforced. I refrain from further reference to that case.

In Speed v. Sadberry (Tex. Civ. App.) 190 S. W. 781, Judge Buck, of the Fort Worth court, discussed an assignment to the effect that the court erred in holding that the defendant had the right to be reinstated in his purchase, since the evidence shows that the interest payment became delinquent and subject to forfeiture, and that same was forfeited by the commissioner, and sold to plaintiff, and no effort was made by defendant to be reinstated until after the land was sold to plaintiff. The trial court qualified the bill of exceptions, saying, in part, there was no specific evidence of a default in the payment of interest; no evidence of forfeiture, except that contained in the certificate of the acting commissioner, the certificate, admitted over objection, showing "forfeited August 4, 1924." Judge Buck said:

"In order for plaintiff to be entitled to judgment, it was necessary that he show in himself title superior to that under which defendant claimed, and, defendant being in possession, there was a presumption of title in him, authorizing a recovery, in this character of a suit, against persons failing to make an affirmative showing of title. Boggess v. Allen [Tex. Civ. App.] 56 S. W. 195, affirmed in Allen v. Boggess, 94 Tex. 83, 58 S. W. 833; Kirby v. Boaz, 41 Tex. Civ. App. 282, 91 S. W. 642; Allen v. Long, 80 Tex. 261, 16 S. W. 43, 26 Am. St. Rep. 735; Shifflet v. Morelle, 68 Tex. 382, 4 S. W. 843."

In that case it is further said that, in order for plaintiff to prevail in the suit, it was incumbent on him to show, not only that an award of the land had been made by the general land office to him, but that the statutory requirements as to a forfeiture had been complied with by the general land office prior to said award, and quotes article 5423.

It is further said that, the statute requiring an entry of forfeiture to be made, both on the obligation of the grantee and in the account kept with the purchaser, without such proof no legal forfeiture would follow, and referred to Comanche County v. Brightman (Tex. Civ. App.) 62 S. W. 973; Brightman v. Comanche County, 94 Tex. 599, 63 S. W. 857; Davis v. Yates, 63 Tex. Civ. App. 6, 133 S. W. 281; Anderson v. Neighbors, 94 Tex. 239, 59 S. W. 543; Chambers v. Robison, 107 Tex. 315, 179 S. W. 123.

The certificate of the commissioner in that case as in the case at bar, certifies that "the papers, documents and records of said office show" that the lands "were forfeited" and the date of forfeiture. The court held that the certificate did not tend to establish the fact of necessary entries having been made in the land commissioner's office, but rather the conclusion or opinion of the chief clerk that the necessary legal steps to effect a forfeiture had been followed. In that case, as in this, it does not affirmatively appear that the trial court, in rendering judgment, considered the certificate as establishing the forfeiture.

I have concluded that by reason of the facts stated and the matters discussed plaintiffs have not shown title in themselves by reason of the fact that no legal forfeiture of the Heath award and purchase is shown; that while the Heath award was in good standing in the land office no award or sale could legally be made to Lewis.

I think the case should be affirmed.