### LOVETT v. SIMMONS et al.
(No. 2299.)

Court of Civil Appeals of Texas. El Paso.
June 10, 1929.

Rehearing Denied July 8, 1929.

Hill D. Hudson, of Kermit, John B. Howard, of El Paso, and Brasted & Griffin, of Fort Worth, for appellant.

Y. P. Broome, of Tulsa, Okl., Scott, Brelsford, McCarty & Brelsford, of Eastland, James & Conner, A. J. Clendenen, and T. F. Morton, all of Fort Worth, and C. M. Means

and Nelson Phillips, both of Dallas, for appellees.

WALTHALL, J. On February 14, 1928, J. C. Lovett brought this suit in Winkler county in trespass to try title, against J. A. Simmons and others, holding under Simmons, to recover section 36, block 26, public school land in Winkler county.

On motion, all parties consenting, the trial court by proper order transferred the case to the district court of Reeves county for trial, and where the case was tried to the court without a jury and final judgment rendered denying Lovett recovery. Lovett duly excepted and has perfected this appeal.

The trial court filed findings of fact and conclusions of law. The findings of fact are not attacked by appellant. The findings sufficiently disclose the issues between the parties and succinctly state the facts upon which this appeal is predicated. Briefly stated, the facts are substantially as follows: The land in controversy is public school land, was awarded to Lovett without condition of settlement, on December 16, 1913, the purchase made on the deferred payment plan. In May, 1924, Lovett was in default in the payment of interest accruing on his obligation to the extent of four annual payments in the sum of $74.88 each, aggregating $299.52, and in that month the Commissioner of the General Land Office mailed a notice to him stating that unless one year's interest in the sum of $78.88 was paid by August 1, 1924, the sale would be forfeited and the land put on the market September 1, 1924. Lovett did not respond to this notice, or pay or tender any sum whatever on his account prior to August 20, 1924, on which date the Commissioner declared a forfeiture for nonpayment of interest, and indorsed on the wrapper containing the papers pertaining to the sale of the land the words "Land Forfeited, August 20, 1924," and signed his name thereto officially, and made an entry on Lovett's account as follows: "August 20, 1924, Land Forfeited."

On September 2, 1924, appellee Simmons filed in the General Land Office his application to purchase the land. On September 10, 1924, Lovett wrote a letter to the Commissioner inclosing $74.88 as interest, and stating that if it were possible to redeem the land he would be glad to do so. The Commissioner directed the return of the money, and it was in fact returned to, and in due time received by, Lovett, together with a statement that the refund was made because the land had been forfeited and resold to another. On September 20, 1924, Lovett again wrote the Commissioner, stating that he had received notice that the land had been resold on the 2d, and asking for information as to who bought the land and at what price, and whether it would do any good for him to make an affidavit that he had not received "my notice." To that letter the Commission-

er replied, October 3, 1924, advising Lovett that the land had been sold to J. A. Simmons on September 2d, and stating, in substance, that the Land Office was not required to give notice as to due date of interest, etc.

The foregoing letters constitute the communications or transactions between Lovett and the Commissioner with reference to the land between August 20, 1924, and January 29, 1926, and between such dates Lovett took no further steps of any kind to press his claim or effectuate his desire for reinstatement.

On October 3, 1924, the land was formally awarded to appellee Simmons on his application of September 2, 1924. Shortly after that date Simmons took possession of the land, has had possession at all times since, has paid the full purchase price thereof and received a patent thereto, and his title has at all times been recognized by the state.

The sale to Simmons was made on advertisement sent out by the Commissioner prior to August 20, 1924, the date on which Lovett's purchase was forfeited, and no new advertisement was made after the forfeiture.

On January 29, 1926, and on November 12, 1926, Lovett, through his attorneys, wrote the Commissioner asking for a statement of the facts in connection with the forfeiture of Lovett's purchase and resale to Simmons. In each instance the Commissioner replied stating the facts substantially as above, and stating that in his opinion the Lovett purchase, on account of the lapse of time and the intervening rights of Simmons, could not be reinstated.

On February 28, 1927, Lovett, through attorneys, gave the Commissioner formal notice in writing that he claimed the right of reinstatement, and shortly thereafter filed a formal application for reinstatement and tendered therewith a sufficient sum to pay all interest that might have accrued to that date. The Commissioner declined to cancel the sale to Simmons and returned the money to the senders.

This suit, as stated, was filed on February 14, 1928, and constitutes Lovett's initial resort to the court for relief in the premises.

The trial court in the conclusions of law found, in substance: (1) That the forfeiture of Lovett's purchase on August 20, 1924, was in all respects regular and valid. (2) That the sale to Simmons on September 2, 1924, was invalid because of irregularity in the advertisement, in that the land was advertised for sale prior to the forfeiture of Lovett's previous purchase and not thereafter. (3) That the sale to Simmons was validated by the Act of March 28, 1925, chap. 130, § 4, Regular Session (article 5311b, Vernon's Ann. Civ. St. 1925), subject to the right of Lovett to procure reinstatement of his prior purchase by applying therefor and paying all past-due interest within six months thereafter. But holding, under the facts found, that Lovett,

not having taken such steps within the time required, lost his right of reinstatement and Simmons' purchase became a vested right, (4) that if for any reason the validating act should be held not applicable to the Simmons sale, then the title to Simmons was perfected by limitation under section 4, art. 5329, Rev. St. 1925 (chapter 57, Acts of 1921), which provides that: "No sale made without condition of settlement shall be questioned by the State or any person after one year from the date of such sale." (5) That by his letters of September 10, and 30, 1924, Lovett at most merely indicated a desire to have his purchase reinstated, but the tender of $78.88 with the first letter was insufficient, and he took no steps within a reasonable time thereafter, or prior to the vesting of Simmons' right, to ascertain and pay or tender the past-due interest on his prior purchase. And (6) that Lovett was not entitled to reinstatement on his demand and tender of $600 in Ferbuary, 1927, because of the prior intervening rights of Simmons.

## Opinion.

On August 20, 1924, Lovett was in default in the payment of interest on his obligation to the state, and on that date the Commissioner of the General Land Office undertook to forfeit Lovett's purchase of the land and to accomplish such forfeiture, entered on the wrapper pertaining to the sale of the land to Lovett the words, "Land Forfeited, August 20, 1924," and signed his name thereto officially, and on said date wrote an entry on the account kept of the sale to Lovett as follows: "Aug. 20, 1924, Land Forfeited." Lovett submits that such entries did not have the legal effect of forfeiting his purchase of the land, and that to have such effect it was necessary, which was not done, that the Commissioner should also have indorsed on his obligation the words, "Land Forfeited."

The question presented involves the proper construction to be given the statutes pertaining to forfeitures of purchases of school lands at that time. Prior to 1919 the statute (article 5423, Rev. St. 1911) provided that a forfeiture of a purchase of school land for nonpayment of interest due on any obligation was effected by the Commissioner of the General Land Office indorsing on such obligation the words, "Land Forfeited," and "causing an entry to that effect to be made on the account kept with the purchaser," and thereupon the land was thereby forfeited to the state without re-entry or judicial ascertainment.

While the statute, practically as above, as to forfeiture of the purchase of school land for nonpayment of interest, was the prescribed method of forfeiture, the Supreme Court rendered opinions in Brightman v. Comanche County, 94 Tex. 599, 63 S. W. 858, and Hoefer v. Robison, Commissioner, 104 Tex. 159, 135 S. W. 371. In the first-cited case it

was held that where the obligation of the purchaser was lawfully on file in the treasurer's office instead of in the Land Office, the statute was substantially complied with and forfeiture effected where the entry was made on the account kept and the required indorsement was made on the file wrapper containing all papers in the Land Office relating to the claim, the file wrapper being a paper which the law required the Commissioner to keep, and it inclosed all the papers in his office evidencing the contract.

In Hoefer v. Robison, the declaration of forfeiture was not placed upon the obligation then in force and in the office of the Commissioner and inclosed in the file wrapper; the indorsement, "Land Forfeited," being placed upon the file wrapper and upon the account kept. It was held that the indorsement upon the file wrapper inclosing all papers connected with the land, and on the account kept, meets all the requirements of the statute in a substantial way and effected the forfeiture. The two cases above were decided prior to the amendment of the statute in 1919 (Laws 1919, c. 163) providing that: "If the interest on any sale should not be paid when due, the land shall be subject to forfeiture by the Commissioner entering on the wrapper containing the papers 'Land Forfeited,' or words of similar import, with the date of such action and sign it officially, and thereupon the land and all payments shall be forfeited to the state and offered for sale on a subsequent sale date."

Chambers v. Robison, 107 Tex. 315, 179 S. W. 123, relied on by appellant, refers to Brightman v. Comanche County and Hoefer v. Robison with approval, and discussed one additional fact not in either of those two cases; that is, no entry was made on the account kept. Here such entry was made. It will be noted that Chambers v. Robison was decided under the law as it was prior to the amendment of 1919. The law as amended, as we view it, to effect a forfeiture for nonpayment of interest, requires the Commissioner to enter the words required indicating the forfeiture only on the wrapper containing the papers, nothing being said in the amendment as to a similar entry on the account kept. But if it should be held as contended by appellant, and as seems to be held by Judge Hodges for the Texarkana court in Gattison v. Meyer (Tex. Civ. App.) 297 S. W. 900, that such entry must also be made on the account kept, such entry was made in this case. We have concluded that a legal forfeiture was effected.

The trial court was of the opinion that the sale to Simmons, on his application of September 2, 1924, was invalid when made for the reason that the land was advertised for sale prior to the forfeiture of Lovett's previous purchase and not thereafter. The point suggested is ruled by Weaver v. Robison, 114 Tex. 272, 268 S. W. 133. The trial

court further concluded, and we think properly so, that the sale to Simmons, though invalid when made, was validated by the Act of March 28, 1925, chap. 130, § 4, of the Act, Regular Session (article 5311b, Vernon's Ann. Civ. Statutes 1925). There seems to be present in the facts of this case, without restating them here, every fact essential to make applicable the provisions of section 4 of that act. Under that section it is provided: "In cases where the sale award of the land advertised as aforesaid has not stood one year the owner of said land at date of forfeiture shall have the right to apply to the General Land Office for a re-instatement of said former sale upon the payment of all past due interest at any time within six months after the taking effect of this Act."

The act went into effect March 28, 1925. Lovett, under the provisions of the act, had until the 28th of September, 1925, to pay all past-due interest to effect a revalidation of his purchase. The facts show that Lovett was fully advised of the forfeiture of his purchase, the return to him of the sum of $74.88, in September, 1924, and the sale of the land to Simmons, and the position of the Land Commissioner from the correspondence with respect to the facts, but he made no further payment or tender of payment on his interest account until February, 1927.

But, if for any reason it could be held that the validating Act of March 28, 1925, is inapplicable, or does not conclude Lovett's rights in the premises, the latter portion of section 4 of article 5329, Rev. Stat. 1925 (Acts 1921), provides that: "No sale made without condition of settlement shall be questioned by the State or any person after one year from the date of such sale. All purchasers shall have the option of paying the purchase price in full at any time, together with full fees, and obtain a patent for the land." The unquestioned facts in the record before us made applicable the above-quoted statute.

It has been settled that the act furnishes not only a rule of limitation, but, in the interest of the state, and to the advantage of individuals, a substance rule of repose, which after the lapse of one year vests, as against all such claimants, a conclusive right in the defending purchaser. Herndon v. Robison, 114 Tex. 446, 270 S. W. 159; Erp v. Tillman, 103 Tex. 574, 131 S. W. 1057; Erp v. Robison, 106 Tex. 146, 155 S. W. 180, 157 S. W. 1160.

Appellant submits that his letter of September 10, 1924, inclosing $74.88, with the statement that if it was possible to redeem the land he would be glad to do so, and his letter of September 30, 1924, inclosing no money but making inquiry as to who the purchaser of the land was and making inquiry as to whether an affidavit as to his want of notice of the time of payment would serve to reinstate his purchase, while not sufficient to reinstate his purchase under article 5326, old article 5423, R. C. S. 1925, his letters being continuously on file with the Commissioner, and not acted upon by the Commissioner, the letters did have the legal effect to toll the statute and prevent the accrual of any rights in Simmons by reason of the award of the land to him, and to prevent any rights that may have accrued to Simmons from being cured or validated under article 5311b, and that by reason of said letters his right to a reinstatement was continued until his formal application and tender of all interest then due on February 28, 1927. It is further submitted that while Simmons had made application for a purchase of the land before either of his letters were received by the Commissioner, yet the award was not made to Simmons until October 3, 1924, on his application of September 2, 1924.

The trial court construed the letters at most as expressing a desire on the part of Lovett to have his purchase reinstated, and that such letter, with the tender of only $74.88, was insufficient to effect a reinstatement. The sale to Lovett had then been legally forfeited for nonpayment of interest, and an application to purchase by Simmons made. Article 5326 (formerly 5423), R. C. S. 1925, provides: "In any case where lands have been forfeited to the State for the non-payment of interest, the purchasers, or their vendees, may have their claims reinstated on their written request, by paying into the treasury the full amount of interest due on such claim up to the date of reinstatement, provided that no rights of third persons may have intervened."

At the time of the forfeiture Lovett had a right to a reinstatement of his purchase, a conditional right only; that is, that no rights of third persons may have intervened, and that he pay the full amount of interest due on the claim. We have already discussed Simmons' right. It was a right the state recognized, and under the law and the facts, as we view it, ripened into a perfect and unassailable title.

Appellant submits that the sale award to Simmons on September 2, 1924, being void when made, and not having been made valid by limitation or by validation, as effective against the rights of appellant before article 5326, R. C. S. 1925, became effective, said land was not then "resold" land, but was land "remaining unsold" in contemplation of the above statute, and that it was the duty of the Commissioner to furnish the Winkler county clerk with a list of lands theretofore forfeited for nonpayment of interest, and not resold, and the Commissioner not having done so, Lovett had the right to repurchase.

What is commonly referred to as the Relief Act and involved in the above proposition is section 1 of article 5326, Rev. St. 1925, (Acts 1925, c. 94), amendatory, and additional legislation to the law as it formerly was, and became effective June 17, 1925. The sec-

tion, as we view it, and as applied to the facts found in the record, applies to school lands that had theretofore been purchased from the state and theretofore forfeited for nonpayment of interest "and have not been resold." The section has no application to lands that had been resold by the Commissioner of the General Land Office at the time the legislation became effective. We have already expressed our view as to the resale of the land to Simmons, and will only refer to the case of Herndon v. Robison, supra, as in point and expressing the law contrary to the proposition.

We have found no reversible error, and the case is affirmed.