

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL.

January 12, 1976

The Honorable Bill Presnal  
Chairman  
House Appropriations Committee  
House of Representatives  
P. O. Box 2910  
Austin, Texas 78767

Opinion No. H-761

Re: Tuition exemptions for World War II veterans.

Dear Chairman Presnal:

You have requested our opinion on a number of questions regarding the eligibility of World War II veterans for tuition exemption at state institutions of higher education, pursuant to section 54.203 of the Education Code. Specifically, you ask:

1. Whether there is a minimum requirement for time served in the military during World War II for eligibility for the tuition exemption.

2. What constitutes 'service' in the armed forces during World War II.

3. Whether a personal request for release from military service during World War II constitutes a basis for disqualification from tuition exemption eligibility regardless of the time served prior to the request for release.

4. Whether a veteran must have been eligible for or received G.I. educational benefits from the federal government in order to be eligible for the tuition exemption.

Section 54.203 of the Education Code provides that the governing board of each institution of higher education shall exempt certain persons from payment of tuition and other fees, provided such persons were "citizens of Texas at the time they entered the services indicated and have resided in Texas for at least the period of 12 months before the date of registration." The category of exempt persons pertinent to this inquiry includes

> all nurses, members of the Women's
> Army Auxiliary Corps, members of
> the Women's Auxiliary Volunteer
> Emergency Service, and all honorably
> discharged members of the armed
> forces of the United States who
> served during World War II except
> those who were discharged from
> service because they were over the
> age of 38 or because of a personal
> request on the part of the person
> that he be discharged from service. . . .
> Sec. 54.203(a)(2).

As to your first question, it is clear that the statute does not establish a minimum requirement for time served during World War II. Subject to two exceptions, it provides for tuition exemption to all "who **served** during World War II. . . ." (Emphasis added). In contrast, a subsequent portion of the statute requires a minimum of 180 days service in order for any post-Korean War veteran to qualify for the exemption. Sec. 54.203(a)(4). Since the statute thus fixes a minimum length-of-service requirement for certain veterans but not for others, we believe it is reasonable to conclude that the Legislature did not intend such a requirement to apply to the latter group.

We are supported in this conclusion by Attorney General Opinion O-7316 (1946), wherein this Office was asked whether an honorably discharged veteran with less than 90 days service was eligible for the tuition exemption provided by article 2654b-1, V.T.C.S., the predecessor of section 54.203. It was there said:

> State legislation hereinabove
> quoted which confers educational
> benefits on veterans of World War
> II makes no requirement as to term
> of service the veterans must have
> served in the armed forces before
> he shall be entitled to the benefits
> conferred upon him therein. Article
> 2654b-1 as amended, states in sub-
> stance that the benefits provided
> therein shall apply and accrue to
> all members of the United States
> Armed Forces provided that such
> persons have been honorably dis-
> charged from the service and were
> not discharged because of being
> over the age of 38 years or because
> of a personal request on the part of
> such person to be discharged from
> such service.

It is therefore our opinion that there is no minimum require-
ment for time served in the military during World War II in
order for an individual to qualify for the tuition provided
by section 54.203 of the Education Code.

You also ask what constitutes "service" in the armed
forces during World War II. Although there appear to be
only two reported cases which have addressed this question,
they are in agreement that a person is "in military service"
from the time he is sworn in. Jorgensen v. Metropolitan
Life Ins. Co., 44 A.2d 907 (N.J. Ct. of Common Pleas 1945),
aff'd, 55 A.2d 2 (N.J. Sup. 1947); Dew v. Davis, 222 P. 750
(Kan. Sup. 1924). Accordingly, it is our opinion that our
courts would probably hold that a person has "served" in the
armed forces during World War II for purposes of section
54.203, if he was a member thereof for any length of time,
beginning at the moment he was sworn in.

Your third question inquires about the disqualification from tuition exemption which section 54.203 makes applicable to persons who were discharged as a result of their own personal request. The statute provides in clear terms that such persons are disqualified, and it makes no exception on the basis of their length of prior service. As the court said in Employers' Liability Assur. Corporation v. Young County Lumber Co., 64 S.W.2d 339, 343 (Tex. Sup. 1933):

> [W]e are dealing with restrictions
> and conditions imposed by the very
> statute which creates the right,
> and those restrictions and conditions
> may not be relaxed or modified to
> avoid what may appear to be too
> strict or narrow a rule in a partic-
> ular case.

See also Chambers v. Robison, 179 S.W. 123, 124 (Tex. Sup. 1915); cf. Attorney General Opinion O-7021 (1946). We are therefore of the opinion that a discharge from service in satisfaction of a personal request for release from military service during World War II constitutes a basis for disqualification from tuition exemption eligibility, regardless of the time served prior to the request for release.

Finally, you ask whether a veteran must have been eligible for or received G.I. educational benefits from the federal government in order to be eligible for the tuition exemption. Subsection (d) of section 54.203 provides:

> The exemption from fees provided for
> in Subsection (a) of this section
> does not apply to a person if at the
> time of his registration he is eligible
> for educational benefits under federal
> legislation in effect at the time of
> his registration. A person is covered
> by the exemptions if his right to benefits
> under federal legislation is extinguished
> at the time of his registration.

The statute does not require that a person have ever been eligible for G.I. benefits in order to qualify for the tuition exemption. Although it specifically declares to be eligible a person whose "right to benefits under federal legislation is extinguished at the time of his registration," we do not believe the implication to be that persons who were never eligible for federal benefits are not covered by the exemption. (Emphasis added). See Attorney General Opinion V-688 (1948). Accordingly, it is our opinion that a veteran need not have been eligible for nor received G.I. benefits from the federal government in order to qualify for the tuition exemption of section 54.203.

### S U M M A R Y

There is no minimum requirement for time served in the military during World War II in order for an individual to qualify for the tuition exemption provided by section 54.203 of the Education Code. A discharge in satisfaction of a personal request for release from military service during World War II constitutes a basis for disqualification from tuition exemption eligibility under section 54.203, regardless of the time served prior to the request for release. A veteran need not have been eligible for or received G.I. educational benefits from the federal government in order to qualify for the tuition exemption of section 54.203.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb